

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**Colleen A. O'Neil**
(516) 357-3390
colleen.oneil@rivkin.com

February 10, 2021

**VIA ECF**
Honorable Sanket J. Bulsara
United States Magistrate-Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Government Employees Insurance Company, et al. v. Zaitsev, M.D. et al.*
             <u>Docket No. </u>20-cv-03495-FB-SJB

Dear Magistrate-Judge Bulsara:

      As you know, this firm represents Plaintiffs in the above-referenced matter. Pursuant to Local Rule 37.3(c) and Your Honor's Individual Practices IV. B., Plaintiffs respectfully submit this letter requesting an Order compelling non-parties Greenbills Exchange, Inc. ("Greenbills Exchange"), Greenbills of New Jersey, L.L.C. ("Greenbills of New Jersey"), Greenbills, L.L.C. ("Greenbills"), and Financial Vision Group, L.L.C. ("Financial Vision") to comply with properly-served subpoenas *duces tecum.* Copies of the subject subpoenas are annexed hereto as Exhibit "1" and copies of the corresponding affidavits of service are annexed hereto as Exhibit "2".

      The subpoena to Financial Vision seeks documents from Financial Vision with regard to its dealings with Defendants Tri-State Multi-Specialty Medical Services, P.C. ("Tri-State"), Riverside Medical Services, P.C. ("Riverside"), Kristappa Sangavaram, M.D. ("Dr. Sangavaram"), Crosstown Medical, P.C. ("Crosstown"), William Focazio, M.D. ("Dr. Focazio"), Ridgewood Diagnostic Laboratory, L.L.C. ("Ridgewood"), and Metropolitan Interventional Medical Services, P.C. ("Metropolitan"). The subpoenas to Greenbills Exchange, Greenbills of New Jersey, and Greenbills (collectively, the "Greenbills Entities") seek documents from the Greenbills Entities with regard to their respective dealings with Defendants Metropolitan, Tri-State, Riverside, Crosstown, and Ridgewood, and with regard to non-party Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone LLP ("Abrams Fensterman"). As discussed herein, these documents are highly relevant to this action. Neither Financial Vision nor any of the Greenbills Entities complied with – or responded in any way to – the subject subpoenas.

      By way of background – and as the Court may recall – this case stems from the Defendants' alleged orchestration of a massive no-fault insurance fraud scheme, whereby the Defendants defrauded Plaintiffs out

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777



Magistrate-Judge Sanket J. Bulsara
February 10, 2021

___

of more than $4,500,000.00 in no-fault insurance payments.[1] As is relevant to this motion, and among many other allegations set forth in the Complaint: (i) the Defendants submitted massive amounts of charges to GEICO for medical services and drug testing that were excessive, unnecessary, and medically useless, solely to maximize profits without regard to patient care (see Docket No. 1 at ¶¶ 132-354; 369-377); and (ii) healthcare services and testing purportedly performed by Defendants were performed pursuant to complex and unlawful referral schemes among the Defendants and others (id. at ¶¶ 110-116; 355-368; 376-393).

Plaintiffs' complaint provides a detailed accounting of the Defendants' fraudulent treatment and billing protocol, as well as of the Defendants' unlawful referral schemes. What is more, in a December 2020 affirmation,[2] Allan Weissman, M.D. ("Dr. Weissman") – the purported owner of Tri-State and Riverside up until mid-2019 – swore to facts regarding how Defendant Alexandr Zaitsev, M.D. ("Zaitsev") created the Defendants' illegal self-referral operation, and regarding the roles that Financial Vision, the Greenbills Entities, and Abrams Fensterman played in that operation. In particular, Dr. Weissman explains in his affirmation how Zaitsev arranged for Dr. Weissman to falsely pose as the straw owner of Tristate and Riverside in order to conceal Zaitsev's true ownership and control over those medical practices, and – by extension – Zaitsev's pattern of unlawful self-referrals from Tristate and Riverside to Ridgewood for medically unnecessary drug testing. See Exhibit "3", passim.

Importantly, in his affirmation, Dr. Weissman provides a summary of a meeting – arranged by Zaitsev – that Dr. Weissman attended with Zaitsev's accountant, Mark Kaminar ("Kaminar") early in the process. According to Weissman, during that meeting, Kaminar explained how Dr. Weissman's straw "ownership" of the replacement professional corporations would be effectuated. See Exhibit 3 at ¶¶ 14-15. Specifically, and as set forth in the Weissman affirmation:

(i) two new professional corporations would be incorporated in [Weissman's] name, Tri-State in New Jersey and Riverside in New York;

(ii) Tri-State and Riverside would take over all of the operations of [two of Zaitsev's existing practices] Interstate and Metropolitan, including all leases at the clinic locations in New York and New Jersey [where Zaitsev's existing practices, Interstate and Metropolitan, had

---

[1] In addition to Ridgewood Metropolitan, Tri-State, Riverside, Crosstown, Sangavaram, and Focazio, Alexandr Zaitsev, M.D., Bogdan Negrea, M.D., Antonio Ciccone, D.O., Eugene Gorman, M.D., Stella Amanze, P.A., Emily Bakerman, N.P., Melissa Evans, N.P., Frida Isakov, P.A., Rivka Weiss, N.P., Mini Mathew, N.P., Lucknie Ovincy, P.A., Angela Pullock, N.P., Linda Santa Maria, N.P., Anthony Benevenga, and Charles Nicola, D.C. are also Defendants in this case.

[2] A copy of the Weissman affirmation is attached hereto as Exhibit "3".



Magistrate-Judge Sanket J. Bulsara
February 10, 2021

---

          operated], and would retain all of Interstate and Metropolitan's physician assistants, nurse practitioners, and office staff;

(iii)    A company known as <u>Financial Vision</u> would provide funding for Tri-State and Riverside;

(iv)    a company named <u>Greenbills</u> would be engaged to do the billing for Tri-State and Riverside; and

(v)    a law firm by the name of [Abrams Fensterman] would be retained by Tri-State and Riverside and would handle all of the collections on unpaid receivables.

<u>Id.</u> at ¶ 15 (emphasis added). In this context, though Weissman supposedly was the "owner" of Tri-State and Riverside, his affirmation makes clear that "[a]lthough I was listed as the owner of Tri-State and Riverside, in practice I continued to work for Dr. Zaitsev because he and Mr. Kaminar controlled all of the financial and operational decision-making with respect to Tri-State and Riverside." <u>Id.</u> at ¶ 26.

      Financial Vision appears to be an LLC incorporated in Delaware. It does not have a website, a discernable phone number, or a discernable physical location. Even so, between August 2018 and February 2019, Financial Vision made 14 deposits into Tri-State's JP Morgan Chase bank account, totaling $486,000.00. A spreadsheet produced by JP Morgan Chase in response to Plaintiffs' subpoena and showing the Financial Vision deposits into Tri-State's JP Morgan Chase bank account, is attached hereto as Exhibit "4". In addition to this clear financial connection between Financial Vision and Tri-State, Dr. Weissman's affirmation also connects Financial Vision to Zaitsev, and possibly to Abrams Fensterman. For example, according to Dr. Weissman's affirmation, at some point after Dr. Weissman became the nominal or straw "owner" of Tri-State and Riverside, Dr. Weissman learned that "Dr. Zaitsev was in control of [Financial Vision]." <u>Id.</u> at ¶ 16. Also, around the time of execution of the funding agreement, "Mr. Kaminar had [Dr. Weissman] sign a conflict waiver with Abrams Fensterman because either the law firm or some of the law firm's attorneys may have had a financial interest in Financial Vision." <u>Id.</u> at ¶ 20.

      Greenbills Exchange, Greenbills of New Jersey, and Greenbills appear to be three LLCs owned by an individual named Vinay Gaonkar, and are incorporated in New York, New Jersey, and Delaware, respectively. During their respective examinations under oath as the purported "owners" of Tri-State and Riverside, both Dr. Weissman and Dr. Sangavaram (to whom Dr. Weissman "transferred" his nominal "ownership" interest in Tri-State and Riverside in or around mid-2019), provided testimony indicating that a company called "Greenbills" handled the billing for Tri-State and Riverside. Copies of relevant portions of Dr. Weissman's February 21, 2021 EUO transcript and of Dr. Sangavaram's October 3, 2019 EUO transcript are attached hereto as Exhibit "5".



Magistrate-Judge Sanket J. Bulsara
February 10, 2021

At bottom, the structure of Dr. Weissman's straw "ownership" of Tri-State and Riverside – which was created by Zaitsev with the help of Financial Vision, the Greenbills Entities, and Abrams Fensterman – allowed Zaitsev to maintain total financial and operational control over Tri-State and Riverside, and at the same time concealed Zaitsev's true ownership of and control over Tri-State and Riverside. This, in turn, allowed Zaitsev to unlawfully self-refer GEICO-insured patients from Tri-State and Riverside to Ridgewood for medically unnecessary laboratory services, and to conceal the unlawful and self-interested nature of the referrals.

Against this backdrop, the records requested from Financial Vision and the Greenbills Entities – reflecting each entity's dealings with the Defendants – are manifestly relevant to this action. Therefore, Plaintiffs respectfully request that the Court compel Financial Vision and the Greenbills Entities to comply with their respective subpoenas and produce the requested documents to Plaintiffs. See, e.g., Gov't Emps. Ins. Co., et al. v. Yoo, M.D. et al., E.D.N.Y. Case No. 18-cv-05735, Text Order (E.D.N.Y. April 11, 2019)(Bulsara, J.)(denying motion to quash subpoena seeking nine years' worth of bank records for alleged RICO enterprise, and noting that "[t]he records sought are pertinent and relevant to such no-fault insurance fraud and RICO claims brought against medical providers, as a legion of Courts have repeatedly found")(emphasis added); Gov't Employees Ins. Co. v. Mayzenberg, No. 17-cv-2802 (ILG)(LB), 2018 WL 10517074 (E.D.N.Y. June 29, 2018) (in highly-analogous no-fault insurance fraud action, permitting discovery of documents from third party where plaintiff-insurer demonstrated financial connections between third party and defendants); State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315 F.R.D. 220 (E.D. Mich. 2016)(denying non-parties' motion to quash subpoenas in PIP fraud case, which sought "all of their banking records", where the records "potentially will illuminate the way the scheme operates; the extent of the scheme, including but not limited to the number of patients wrongfully treated and the amount of damages; and other entities involved in the scheme."); Allstate Ins. Co. v. Elzanaty, 2012 U.S. Dist. LEXIS 171962 at *4 – *5 (E.D.N.Y. 2012)(denying motion to quash bank subpoenas in PIP fraud case where accounts were "depositories for monies from the alleged RICO corporations" and where the plaintiffs had "reason to believe that the accounts at issue [were] integrally connected to the alleged conspiracy").

We appreciate the Court's attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP
/s/ Colleen O'Neil
Colleen O'Neil

cc: All counsel via ECF