```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
GOVERNMENT EMPLOYEES INSURANCE:  20-cv-03495-FB-SJB
       COMPANY, et al.,        :
             Plaintiffs,       :
                               :
   - versus -                  : U.S. Courthouse
                               : Brooklyn, New York
                               :
ZAITSEV, et al.,               : January 27, 2021
             Defendants        : 10:10 AM
------------------------------X

      TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
            BEFORE THE HONORABLE SANKET J. BULSARA
                UNITED STATES MAGISTRATE JUDGE
```

**A P P E A R A N C E S:**

**For the Plaintiff**:        Colleen O'Neil, Esq.
                              Frank P. Tiscione, Jr., Esq.
                              Rivkin Radler
                              926 Rxr Plaza
                              Uniondale, NY 11556

**For the Defendants**:
**TriState, Riverside &**
Sangavaram:                   Peter M. Birzon, Esq.
                              **Peter Birzon & Assoc., P.C.**
                              **400 Jericho Turnpike, Ste. 100**
                              **Jericho, NY 11753**

**Crosstown Medical**
**& Focazio**:                Keith J. Singer, Esq.
                              Abrams, Fensterman,
                              Fensterman, Eisman, Formato,
                              Ferrara, Wolf & Carone, LLP
                              3 Dakota Drive
                              Ste. 300
                              Lake Success, NY 11420


**Transcription Service**:   **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings

2

1   THE COURT:  Good morning.  This is Judge
2 Bulsara.  We're here for a status conference a motion
3 hearing in 20-cv-3495.
4   Do we have counsel for the plaintiffs?
5   MS. O'NEIL:  Yes, this is Colleen O'Neil at
6 Rivkin Radler for the plaintiff.
7   MR. TISCIONE:  And Frank Tiscione from Rivkin
8 Radler for plaintiffs GEICO.
9   THE COURT:  Okay.  Good morning.  And who is
10 here for the various defendants.  I think there's at
11 least two counsel.
12   MR. BIRZON:  Judge, this is Peter Birzon.  I'm
13 here today on my own behalf in connection with my motion
14 to withdraw as counsel for defendants Tri-Sate, Riverside
15 and Dr. Sangavaram, their principal.
16   MR. SINGER:  Good morning, Judge.  This is
17 Keith Singer.  I'm here on behalf of defendants Crosstown
18 Medical and Dr. William Focazio.
19   THE COURT:  Okay.  Good morning.
20   Mr. Birzon, did you serve the order and your
21 papers for this hearing upon your client?
22   MR. BIRZON:  Yes, and the affidavits of service
23 were filed.  I believe we filed with the Court and the
24 doctor was served two business days later and then the
25 affidavits were filed.

Proceedings

3

1  THE COURT: Okay.
2  MR. BIRZON: Both your order directing today's
3 hearing and the underlying motion, of course.
4  THE COURT: Okay. I note for the record that
5 he's not here. I will, you know, and as necessary he can
6 order the transcript from this hearing.
7  And Mr. Birzon, I'm in the unfortunate position
8 of having to deny your application and let me explain
9 why. Unfortunately, this is not the first case in which
10 counsel has sought to withdraw, and I don't mean you, I
11 just mean I have seen motions to withdraw and have looked
12 at the law of this area.
13  At this point, we do not have the kind of
14 breakdown in attorney-client relations that permits
15 counsel to withdraw. I mean, even in your own papers you
16 say you spoke to your client on December 24th, which was,
17 you know, a mere 14 days before you filed the motion and
18 not to mention the fact that in the interim there were,
19 you know, a couple of federal holidays. And so not only
20 is the time frame too short but even the substance of
21 what you've relayed in the communications do not rise to
22 the level to permit counsel to withdraw.
23  It may be that you have a difficult client and
24 it may be that your client comes in and out of
25 communication but we're not close to the kind of

4

Proceedings

1  breakdown and certainly when there's a breakdown, client
2  is unavailable for months at a time or there's a
3  fundamental disagreement about strategy.  The lawyer
4  wants to do A and the client wants to do B.
5         Now you may say that look, I want him to
6  respond to discovery and he does it but that's not clear
7  that's what the case is.  He's just not very good about
8  it.  Now there may be implications for his ability to
9  defend the case and if he doesn't give you documents to
10 produce, you know, it doesn't really fall on you.  I
11 understand that you'll be in a position of saying this is
12 all we have because the client hasn't produced anything.
13 The consequences of that don't fall on you, they fall on
14 your client.
15         So unfortunately, given the lack of passage of
16 time, the lack of the kind of disagreements that the case
17 law talks about, I'm going to deny your application at
18 this time.
19         I note two other points here.  One is, you're
20 representing a number of corporate entities or at least
21 two and in that context, I note that in federal court,
22 corporations may not proceed pro se.  They require
23 counsel.  And were I to grant a motion to withdraw, that
24 would place these defendants in danger of, if they did
25 not obtain alternative counsel within a very short period

Proceedings

5

1 of time, of having to default and (audio interference)
2 the case, and which has all kinds of adverse
3 consequences.
4       I also note, although normally, I don't really
5 countenance a plaintiffs' opposition to a motion to
6 withdraw because usually, the standard for prejudice has
7 to be pretty high, either talking about the eve of trial
8 or the close of discovery or even their own cases
9 demonstrate that.
10       Here, we have at least some showing that they
11 intend to make a motion to stay the ongoing collection
12 proceedings and in that context, any kind of delay
13 without counsel -- you know, where we put this over, has
14 a potential to prejudice.  It's not a lot because we're
15 not -- because it's also not clear who the counsel is in
16 those other proceedings but that being said, you know, it
17 is something to consider.
18       So now I will say and the reason I have your
19 clients here was for me to explain to them that they're
20 in danger of having serious consequences placed on them
21 in terms of liability because of their failure to respond
22 to discovery and if they don't cooperate with you, while
23 they may have counsel, the case may not go very well for
24 them and that can have serious financial and other
25 consequences for them.

Proceedings

6

1  So you know, I issue that warning orally.  You
2  could order the transcript -- you could -- you know, I
3  note their nonappearance which itself may be problematic
4  for future court appearances and entering a default and I
5  note for the record that if a default is entered, at some
6  point it basically means the plaintiffs, GEICO, can get
7  every iota of damages that they're seeking.  I and other
8  judges in this court have issued default judgments in
9  favor of GEICO and the damages calculations are often the
10 full amount of RICO damages and what that means is GEICO
11 can go to state court and use other means to try and
12 obtain and enforce those judgments.
13         So those are the consequences potentially to
14 your client of either not cooperating with discovery or
15 if you feel professionally you want someone else to step
16 in, if they don't find and if this noncooperation extends
17 for a longer period of time and at some future point I
18 grant the motion to withdraw and a default is entered,
19 and they don't get other counsel, that would be the
20 consequence.
21         So for those reasons, I'm denying the
22 application.  I've issued these warnings.  You can order
23 the transcript.  You can give it to your client and
24 that's the decision on this pending motion.
25         MR. BIRZON:  Judge, I would ask if the Court

1  will reconsider the motion in another month's time if the
2  behavior continues.  I would point out that I literally
3  had two conversations with this client since my
4  engagement in October, not because we didn't make
5  efforts.
6          I will point out I have never received a single
7  document from this client which if that doesn't scream
8  lack of cooperation, I don't know what does.
9          THE COURT:  Well, then --
10         MR. BIRZON:  But having you said --
11         THE COURT:  Hold on, hold on.  That is -- the
12 case law does not -- look, part of this is the diligence
13 a lawyer does in establishing a client relationship at
14 the outset and the fact that you've only met twice,
15 unfortunately there are cases where there is no meeting
16 at all after the first meeting and if it's the mere
17 passage of time without having any interaction, you know,
18 we're talking has to be several months and so I know it
19 is hardly the model of propriety that your clients have
20 engaged in but as of December 24th in your own papers,
21 you say that you met with your client, he understood his
22 obligations and you had a full hashing out about the
23 interrogatories and the document requests.
24         Here we are less than a -- and you filed that
25 motion on January 8th.  That is not even close to the

Proceedings

8

1 amount of time -- I'm not going to reargue this with you
2 but 30 days is not going to be it, okay?  It's not just
3 the passage of time.  It's the substance of what goes on.
4 If you want, you could have a discussion with your client
5 where you say listen, it's not working out between us and
6 you need to get a different lawyer otherwise a default
7 will be entered but to give the extreme remedy of a
8 withdrawal is not going to happen just in 30 days, okay?
9            So it's not just the mere passage of time, it
10 has to be something else.  You certainly can renew the
11 applications but I urge you to look at the case law and
12 cite cases where such withdrawals have been granted.
13            MR. BIRZON:  Very well, your Honor.
14            THE COURT:  I know it's not a comfortable
15 position to have to represent a client who is not
16 answering the phone calls or meeting with you but I just
17 note what you said in your papers on December 24th.
18            Is there anything from GEICO?.
19            MR. TISCIONE:  Not at this time, your Honor.
20 Obviously we have our motion to compel discovery but we
21 could certainly talk to Mr. Birzon on that now that his
22 motion to withdraw has been denied and then see, you
23 know, what he can do in terms of trying to communicate
24 with his client and discovery that's still outstanding
25 and we obviously have a pending conference next week with

Proceedings

9

1  Judge Block regarding the motion to stay and then we'll
2  just let that happen and see what happens at that point
3  in time and then if we need to make a renewed motion to
4  compel, we can do that but we'll try to -- I'll
5  coordinate with Mr. Birzon in the hopes that he could,
6  you know, speak to his client and get them to actually
7  respond to him and communicate with him and then produce
8  some of the discovery that we have asked for.
9               THE COURT:  Yeah, and all I would say is
10 unfortunately, it's a different thing with requests for
11 admission but when there is an opposing party that does
12 not respond to discovery, while you can get a default
13 order on the discovery, it doesn't really help you much,
14 right, because you still don't have the documents or
15 information that you need to prosecute the case and so in
16 that vein, I would encourage you to at least give Mr.
17 Birzon, you know, extensions of time here, so that he can
18 workout on his relationship with his client and, you
19 know, if at that point after given a generous extension
20 of time he's still unable to get anything and we're
21 talking about something like 90 days have passed, we're
22 in a different situation.  And also at this point, I will
23 also have given him one warning about the default
24 consequences and so that can be cited to by Mr. Birzon in
25 a future application but from GEICO's perspective, I do

10

Proceedings

1  think it would be, you know, in your interest to either
2  withdraw the motion to compel without prejudice or grant
3  extensions of time or both because a default on a motion
4  to compel does -- just gives you orders which doesn't
5  really cough up much.
6          MR. TISCIONE:  That's correct, your Honor.  I
7  think what we'll do is we'll speak to Mr. Birzon and
8  we'll work out some type of extension of time for him to
9  respond or communication with his client and see what
10 happens but I would just ask the Court that if we have to
11 wait through no fault through Mr. Birzon because I'm --
12 obviously he's trying to communicate with his client, but
13 we have to wait 45 days or so, you know, GEICO may be
14 forced to have to file a motion to extend the discovery
15 deadlines here as well since we're still going to be
16 waiting to --
17          THE COURT:  Understood.
18          MR. TISCIONE:  -- for (audio interference).
19          THE COURT:  And I -- both because it would be
20 unduly prejudicial to GEICO and because in order to give
21 Mr. Birzon time to figure out what the status is with his
22 client, I would grant such extensions of time here.  So
23 none of the lawyers or the parties need to worry about
24 that.
25          Anything else from anybody else?

Transcriptions Plus II, Inc.

```
                                                              11
                         Proceedings
 1          MR. TISCIONE:  No, your Honor.
 2          MR. BIRZON:  Nothing from me, your Honor.
 3          THE COURT:  Okay.  I wish you all good health
 4   and talk to you soon.  Thank you.
 5                     (Matter Concluded)
 6                          -o0o-
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Transcriptions Plus II, Inc.

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **26th** day of **February** 2021.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.