# THE MEAD LAW FIRM, P.C.

---

20-77 STEINWAY STREET, SUITE SL, ASTORIA, NEW YORK 11105
TEL: (866) 306-5547 / Alt Tel: (718) 306-2107 / Fax: (866) 306-0337 (*Not for Service of Process)
*wmeadlaw@gmail.com*

June 11, 2021

**VIA ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   ***Letter Motion to Seal pursuant to the Court's Confidentiality Order;***
***Government Employees Insurance Company et al v. Zaitsev et al., 20-cv-03495, EDNY***

Dear Magistrate Judge Bulsara:

This firm represents Kristappa Sangavaram, M.D. / Riverside Medical Services, P.C. / Tri-State Multi-Specialty Medical Services, P.C. This letter motion is presented to request the sealing of Exhibit "B" to Dkt. 127, an exhibit to a discovery motion, which was denied due to Plaintiff's failure to meet/confer pursuant to Local Rule 37.3.  This motion is independent of Plaintiff's prior motions to seal (see Dkt. 128 and 129). Plaintiff's counsel and I have telephonically met and conferred regarding this motion, and I do not expect any opposition.

<u>Pertinent Portions of the Confidentiality Order</u>

The confidentiality order in this case states that "[d]iscovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45." *See* Confidentiality Order at 1(b). This of course encompasses interrogatory responses under Rule 33, and document request responses under Rule 34.  The Confidentiality Order also requires that any document designated as confidential be filed under seal. See Confidentiality Order at 11. Therefore, even though the Court can decide to unseal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2nd Cir. 2006), according to the Confidentiality Order itself, this applies to documents that have already been filed under seal, which of course would allow the parties the fair opportunity to present arguments to the Court prior to unsealing and public view. In this instance, the step was essentially skipped, as an exhibit designated as confidential, which under the Confidentiality Order unquestionably was required to first be filed under seal was not. In short, proper procedure was not followed, which would apply whether or not the parties or the Court ultimately disagrees with a confidentiality designation, while Plaintiff has acknowledged the error, Defendants are prejudiced.

<u>"Judicial Document" Status Does Not Apply</u>

Simply because Exhibit "B" was filed does not render it a "judicial document" as "the mere filing of a document with a court does not render the document judicial." *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (unpublished) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995), in concluding "that a document becomes a judicial document when a court uses it in determining litigants' substantive rights"). Furthermore, Exhibit "B" does not rise to the level of the common-law right of access as "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001); see also; *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."). In fact, Courts have declined to apply common-law right of access and/or First Amendment analysis to discovery material attached to any "nondispositive motion" (and instead required only a showing sufficient to trigger protection under Rule 26(c)). See, e.g., *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009); see also; *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . ., but no such right as to discovery motions and their supporting documents."). This accords with the Second Circuit analysis as "[b]efore any such common law right can attach...a court must first conclude that the documents at issue are indeed `judicial documents.'" *Lugosch*, 435 F.3d at 119. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). "In order to be designated a judicial document, `the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (citing Amodeo I, 44 F.3d at 145).

<u>Exhibit "B" Contains Inquiries/Information into Matters Covered as Confidential under the Confidentiality Order</u>

"Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." Id.; cf. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (warning that "the presumption of public access to court documents has the potential to exacerbate [the] harms to privacy and reputation"). The privacy interests of "innocent third parties" in particular "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050-51. The foregoing being said, Exhibit "B" is replete with responses to interrogatories and document requests regarding business financial records, and privacy interests of third-parties. By way of example and not limitation; see e.g., Riverside/Tristate Interrogatories and Responses - Interrogatory 1 (salary, profit, distribution, compensation); Interrogatory 3-4 (banking information); Interrogatory 5 (employment information); Interrogatory 8 (credit cards, debit cards, ATM cards); Interrogatory 9-12 (billing/collection, marketing,

management, payroll, tax and other business information); Interrogatory 13 (business and medical practices). And See e.g., Sangavaram Interrogatories and Responses – Interrogatory 1-3 (business/employment information); Interrogatory 4 (employer/employee information); Interrogatory 5-6 (business and transaction information); Interrogatory 7-11 (banking information); Interrogatory 12-13 (commercial business information); Interrogatory 14 (employment information); Interrogatory 15-19 (commercial business practices); Interrogatory 22 (investigations).

To recapitulate, it is clear that Exhibit "B" to Dkt. 127 is not a "judicial document". No substantive determination even within the discovery context has been made with respect to the document itself. Exhibit B to Dkt. 127 was designated confidential by the producing party pursuant to the Confidentiality Order. The procedures for challenging confidentiality designations within the Confidentiality Order ¶12 were not invoked, and therefore pursuant to the Confidentiality Order were required to be filed under seal. Pursuant to the Confidentiality Order, Discovery material includes a litany of documents, depositions, as well as "other written" matter. "Confidential discovery material" includes "[c]ommerical information relating to any party's business, including but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information…customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines…" See Confidentiality Order ¶2(a). It also includes "[p]ersonnel data of the parties or their employees…wage and income information…" See Confidentiality Order ¶2(b).  As well as "[m]edical or mental health information" See Confidentiality Order ¶2(b).

Both Plaintiffs and Defendants have served discovery under confidentiality designations. The filing and remaining public of Exhibit "B" to Dkt. 127 has the potential to create a barrier to settlement between the parties which works against judicial economy and the interests of all parties to the action. By analogy, if the Defendants openly filed Plaintiff's SIU or claims documents that Plaintiffs routinely designate as confidential, without utilizing the proper and required processes and procedures required under the Confidentiality Order such as meeting and conferring concerning the designation, and treating such documents as confidential until judicial determination otherwise, the same impediment would ensue. Retaining Exhibit "B" as a public document under these circumstances when both the producing and receiving party agree that the filing was in error of the confidentiality order undermines confidence that the Confidentiality Order is effectual or reliable in this case, which operates contrary to the goal of the free flow of discovery to expedite the conclusion of this action.

Respectfully submitted,

____/s/_____

Wesley Mead, Esq.

*cc: All Counsel via ECF*