| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------<br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, And GEICO CASUALTY COMPANY,<br><br>                Plaintiffs,<br><br>   -against-<br><br>ALEXANDR ZAITSEV, M.D., et al.,<br><br>                Defendants.<br>------------------------------------------------------- | Docket No.: 1:20-cv-03495(FB)(SJB) |

### ALEXANDR ZAITSEV, M.D.'S SUPPLEMENTAL RESPONSES TO GEICO'S SECOND SET OF INTERROGATORIES

Defendant ALEXANDR ZAITSEV, M.D. ("Defendant"), by his attorneys, SCHWARTZ CONROY & HACK. P.C., for his supplemental response to Plaintiff GEICO's Second Set of Interrogatories Directed to Defendant ALEXANDR ZAITSEV, M.D. states as follows:

### GENERAL OBJECTIONS

Each and every Interrogatory responded to herein is subject to the General Objections set forth below. These objections are set forth here to avoid the duplication and repetition of restating them in each response. All of the following General Objections are incorporated by reference into each and every Response set forth below, whether or not specifically delineated therein.

1. Defendant objects to the Interrogatories to the extent that they purport to impose obligations upon Defendant in excess of those created by law.

2. Defendant objects to the Interrogatories to the extent that they seek the disclosure of attorney-client privileged communications, attorney or party work product,

1

trial preparation material or any other material or information encompassed within any applicable privilege provided by law or otherwise protected from disclosure. Any disclosure of privileged information or release of privileged documents is unintentional and inadvertent and thus shall not constitute a waiver of any applicable privilege.

3. Defendant objects to the Interrogatories to the extent that they seek the production of documents or information that contains confidential information and will not produce such documents or provide such information in the absence of appropriate protective measures agreed to by the parties and approved by the Court.

4. Defendant objects to the Interrogatories to the extent that they are overly broad, vexatious or seek information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that they seek information that is unduly burdensome to obtain or produce.

6. Defendant objects to the Interrogatories to the extent that responses have previously been provided to Plaintiff.

7. Defendant objects to the Interrogatories to the extent that they are ambiguous, vague or otherwise incomprehensible and/or not sufficiently descriptive to permit a meaningful response.

8. Defendant objects to the Interrogatories to the extent that they seek a response that is duplicative of the response to one or more other Interrogatories.

9. Defendant objects to the Interrogatories to the extent that they include undefined words, phrases and terms, which tend to make them unclear and/or ambiguous.

10. Defendant objects to the Interrogatories to the extent that they include

definitions for words, phrases and terms, which tend to make the responses to the Interrogatories overly broad or unduly burdensome.

11. Defendant objects to the extent that the Interrogatories contain no temporal limitations, or include temporal limitations that make them unduly burdensome and/or that exceed the time period at issue in this action, and Defendant will provide information for a reasonable time period consistent with the facts and occurrences at issue in this litigation.

12. Defendant objects to all Interrogatories as being inherently improper to the extent that they seek to compel Defendant to disprove baseless and unsubstantiated accusations made by Defendant, and to prove his own lack of culpability.

In providing these General Objections to the Interrogatories, Defendant does not in any way waive nor does he intend to waive, but rather intends to preserve and is preserving:

1. all objections as to competence, relevance, materiality and admissibility of any document or information that may be produced pursuant to the Interrogatories or the subject matter of any request;

2. all objections as to vagueness, ambiguity and undue burden;

3. all objections to the use of any documents that may be produced, or of the subject matter of any Interrogatory Response, in any other or subsequent proceedings, including the hearing of this or any other related or unrelated action, trial, hearing, case or controversy; and

4. all objections to any request for further responses to the Interrogatories or any other request for documents or information, or other discovery requests involving or related to the subject matter of the Interrogatories.

3

All responses are made on an express reservation of objections as set forth above and, in some instances, below, and no response shall be deemed, and specifically is stated not to be, a waiver of such objection(s).

## SUPPLEMENTAL RESPONSE TO INTERROGATORIES

1. For each of the Subject Entities, identify: (i) all members and state each member's respective membership interest. If any member is an entity (i.e., not a natural person), identify all members or owners of that entity; (ii) each managing member; and (iii) all non-member individuals or entities that have or had a financial interest in the Subject Entities, and state each non-member individual and/or non-member entity's respective financial interest.

**RESPONSE:**

Financial Vision Group, LLC

    (i)    Members are Alexander Zaitsev, Daniel Kandhorov; FHJ Vision Partners LLC (Managers Howard Fensterman Frank Carone and Jordan Fensterman); and FBH Capital Group, LLC.

           As to FHJ Vision Partners LLC, and FBH Capital Group LLC, Dr. Zaitsev does not have personal knowledge as to who the members of this entity are; any managing member, or any nonmember individual or entity that has a financial interest.

    (ii)    Managing Members are Alexander Zaitsev and Daniel Kandhorov.

    (iii)    No nonmember has a financial interest.

Financial Vision Group II, LLC d/b/a ADF Equities

    (i)    Members are Alexander Zaitsev, Daniel Kandhorov, FHJ Vision Partners LLC (Managers Howard Fensterman Frank Carone and Jordan Fensterman); and FBH Capital Group, LLC.

      As to FHJ Vision Partners LLC, and FBH Capital Group LLC, Dr. Zaitsev does not have personal knowledge as to who the members of this entity are; any managing member, or any nonmember individual or entity that has a financial interest.

(ii)    Managing Members are Alexander Zaitsev and Daniel Kandhorov.
(iii)   No nonmember has a financial interest.

Financial Vision Group III, LLC

(i)     Members are Alexander Zaitsev, Daniel Kandhorov, FHJ Vision Partners LLC (Managers Howard Fensterman Frank Carone and Jordan Fensterman); and FBH Capital Group, LLC.

      As to FHJ Vision Partners LLC, and FBH Capital Group LLC, Dr. Zaitsev does not have personal knowledge as to who the members of this entity are; any managing member, or any nonmember individual or entity that has a financial interest.

(ii)    Managing Members are Alexander Zaitsev and Daniel Kandhorov.
(iii)   No nonmember has a financial interest.

Financial Vision Group IV, LLC

(i)     Members are Alexander Zaitsev, Daniel Kandhorov, DMC Capital Group LLC and FBH Capital Group, LLC.
(ii)    Managing Members are Alexander Zaitsev and Daniel Kandhorov.
(iii)   No nonmember has a financial interest.

      As to DMC Capital Group, and FBH Capital Group LLC, Dr. Zaitsev does not have personal knowledge as to who the members of this entity are; any managing member, or any nonmember individual or entity that has a financial interest.

Octagon Partners, LLC

(iv)   The sole member is Alexander Zaitsev.
(v)    The managing member is Alexander Zaitsev.
(vi)   No nonmember has a financial interest.

5

Dated: Garden City, New York
September 3, 2021

                                                SCHWARTZ CONROY & HACK, P.C.

                                                By*: /s/ Robert Hewitt*
                                                Matthew J. Conroy
                                                Robert Hewitt
                                                *Attorneys for the Defendants*
                                                666 Old Country Road, 9th Floor
                                                Garden City, New York,11530
                                                Tel.: (516) 745-1122

TO:

RIVKIN RADLER, LLP
Barry I. Levy, Esq,
Michael A. Sirignano, Esq.
Sean Gorton, Esq.
926 RXR Plaza
Uniondale, New York I 1556
(516) 357-3000
*Counsel for Plaintiffs Government Employees*
*Insurance Company, GEICO Indemnity Company,*
*GEICO General Insurance Company and GEICO*
*Casualty Company*

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP
Alex Leibson, Esq.
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
*Counsel for defendants*
*Crosstown Medical, P.C. and William Focazio, M.D.*

Peter M. Birzon, Esq.
PETER BIRZON & ASSOCIATES, P.C.
400 Jericho Turnpike, Suite 100
Jericho, NY 11753
(516)942-9100
(516)942-0596 (fax)
*Counsel for defendant*
*Riverside Medical Services, P.C.*

<u>CERTIFICATE OF SERVICE</u>

   I, Robert Hewitt, Esq., do hereby certify that a true and accurate copy of the foregoing pleading was served upon all counsel of record by email this 3rd of September 2021 as follows:

Barry I. Levy, Esq.
barry.levy@rivkin.com
Michael Sirignano, Esq.
michael.sirignano@rivkin.com
Steven T. Henesy, Esq.
steven.henesy@rivkin.com
Garin Scollan
garin.scollan@rivkin.com
RIVKIN, RADLER LLP
926 RXR Plaza
Uniondale, NY 11556-0926

Alex Leibson, Esq.
aleibson@abramslaw.com
ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP
Alex Leibson, Esq.
3 Dakota Drive, Suite 300
Lake Success, New York 11042

Peter M. Birzon, Esq.
pbirzon@pbalaw.net
PETER BIRZON & ASSOCIATES, P.C.
400 Jericho Turnpike, Suite 100
Jericho, NY 11753

Dated:  September 3, 2021

                */s/ Robert Hewitt*
                _____
                Robert Hewitt, Esq.