# ABRAMS ⒶF FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

Attorneys at Law
www.abramslaw.com

Keith J. Singer, Esq.
Partner
Lake Success Office
Direct line: 516-368-9467
Email: ksinger@abramslaw.com

3 Dakota Drive, - Suite 300
Lake Success, New York 11042
Phone: 516-328-2300
Fax: 516-328-6638
Fax Not For Legal Services

FIRM OFFICES
———
Brooklyn
New York
Rochester

December 14, 2021

**VIA ECF**
Eastern District of New York
Attn: Hon. Sanket J. Bulsara
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Government Employees Insurance Co., et al v. Zaitsev et al.*
       Docket No. 20-cv-03495-FB-SJB

Dear Judge Bulsara:

  We write in response to Plaintiffs' letter motion, dated December 9, 2021, and filed with the Court on December 10, 2021, wherein Plaintiffs ("GEICO") request an Order compelling non-parties, Howard Fensterman, Jordan Fensterman and Frank Carone (collectively the "non-parties") in their respective capacities as members of the Financial Vision Entities (as that phrase is used in Plaintiffs' letter motion), to further respond[1] to Plaintiffs' overbroad, materially unnecessary and borderline abusive subpoenas *duces tecum*.

  It is important to note that Plaintiffs have already obtained countless documents and hours of deposition testimony from party Defendants and non-parties (including a representative of the Financial Vision Entities) regarding the subject matter for which Plaintiffs have requested documents from the non-parties by these subpoenas. Plaintiffs would have the Court disregard these facts, as they continue to embark on a seemingly endless fishing expedition.

  Quite significantly, we believe that Plaintiffs are attempting an end-run around their prior failed attempts to secure documents from our firm. In that regard, this Court has previously denied an earlier attempt Plaintiffs made to obtain discovery from non-party Abrams Fensterman, by Order dated April 7, 2021 (*see* ECF Dkt. entry on April 7, 2021) because Plaintiffs had failed "to explain the relationship between [Abrams Fensterman] and the allegations in this case."

---

[1] GEICO acknowledges that the non-parties have already produced the formation and corporate governance documents for the Financial Vision Entities, as well as having produced a privilege log which was created after scores of hours of painstaking review of several thousand e-mail communications which were responsive to an initial global computer search.

ABRAMS A F FENSTERMAN
Page 2

Plaintiffs have yet to explain such a relationship, and instead now move further down the line, as they seek documents from non-parties Howard Fensterman, Jordan Fensterman and Frank Carone, who are each individual partners of non-party Abrams Fensterman in what we believe to be an effort to circumvent this Court's prior Order.

As a threshold matter, in the macro sense, the creation of advance companies such as the Financial Vision Entities is a manifestation of the power imbalance and the improper strangle-hold that insurance companies like Plaintiffs, the GEICO insurance entities, routinely and unfairly exert over medical providers such as the Defendants. Insurance companies such as GEICO have adopted the tactic of routinely issuing across-the-board rejections of no-fault claims, and taking a year or more to pay fractions of claims for medical services properly rendered.

This tactic is suffocating the health care industry by adding nearly insurmountable obstacles for providers to get paid only tiny portions of claims for health care related services which they have performed. Insurers such as GEICO utilize their substantial coffers to take advantage of providers who do not have the resources to fight them. In the micro sense, the relationship between the Financial Vision Entities and its members and the Defendants is not, as stated by GEICO, evidence of some kind of fraudulent scheme, but rather, it is evidence of the fact that insurers unjustly and unfairly financially strangle providers, who are compelled to seek sources of funding in order to survive.

The disconnect is overtly apparent. The Financial Vision Entities are advance funding entities for no-fault medical providers. A no-fault provider obtains advances from Financial Vision in order to keep itself afloat while insurance carriers such as GEICO evaluate whether they will pay the providers' claims or not. The Financial Vision Entities have nothing to do with the subject medical provider's administration of medical services, its respective infrastructure or the manner in which it obtains business. The Financial Vision Entities merely provide independent funding to the medical providers.

Given these facts, it is a *non-sequitur* for Plaintiffs to argue that the source of the funds a subject medical provider obtains to keep its business alive is probative of whether a *Mallela* violation has taken place. To the contrary, the source of the no-fault provider's funds from an advance company like the Financial Vision Entities cannot realistically lead to evidence regarding the legitimacy of either a practice and/or the practice's claims that are submitted to the insurance company for payment.

The non-parties' substantive objections regarding the non-party subpoenas mirror those which are outlined in FRCP 26(b)(2)(C). Indeed, not only do the subpoenas request privileged material (for which a detailed and exhaustive privilege log was provided to Plaintiffs' counsel[2]):

---

[2] It is curious how Plaintiffs can cite to case law regarding their view on the validity of the non-parties' objections on the basis of attorney-client privilege based simply upon the log that was produced. If the Court deems the documents requested by the non-party subpoenas as material and necessary and orders the non-parties to produce responsive documents, then it is respectfully requested that such documents be produced for *in camera* review, so that the Court can determine whether it is appropriate for the requested documents to be turned over to GEICO.

1) they also seek information that can be obtained from other more convenient sources (i.e. the parties); 2) the party seeking discovery has had ample opportunity to obtain the information requested through discovery in this action; and 3) the requests are utterly irrelevant to the action. *See e.g. Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428 (S.D.N.Y. 2011) (citing FRCP 26(b)(2)(C)).

It is important to note that Plaintiffs have inaccurately articulated the non-parties' objections to Plaintiffs' non-party subpoenas. The non-parties object not only because they deem that the response would violate the attorney-client privilege, but also because the subpoenas are just the latest vehicle that Plaintiffs are using to abuse the discovery process by requesting utterly irrelevant documents from non-parties in an effort to exert pressure upon the Defendants.

The non-party subpoenas are improper because they request documents and information that is sought in bad faith, is intended to harass and is of no relevance vis-à-vis the claims alleged in the Complaint. *See e.g. In re Six Grand Jury Witnesses*, 979 F.2d 939 (2nd Cir. 1992) (holding that discovery should be limited "when it is 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.'") The Complaint in this action alleges causes of action against Defendants relating to insurance claims submitted for alleged medically unnecessary drug testing, and that the purported medically unnecessary drug testing is supposedly the result of improper referrals amongst the Defendants.

Plaintiffs do not clarify how internal correspondence amongst the Financial Vision Entities' non-party members (after having obtained documents and information already from the medical provider Defendants and the Financial Vision Entities themselves) is probative of whether the medical providers either performed medically necessary procedures or improperly referred business amongst each other. That is because they cannot.

Even the examples provided by Plaintiffs in their letter motion do nothing to illuminate the necessity of the non-party discovery at issue. Plaintiffs indicate that they have already obtained documents indicating alleged onerous terms of the advances between the Financial Vision Entities and the medical providers, purported questionable internal movement of funds between the Financial Vision Entities and purported questionable medical provider infrastructure – but it is all just background noise without any real purpose other than to make it seem as if the Financial Vision Entities' practices, though completely lawful and legitimate, are somehow improper. Nothing could be further from the truth, and even if it were, the legitimacy of the relationship between the Financial Vision Entities and the Defendant medical providers is "utterly irrelevant" to this action. *See Cohen v. Cohen*, 2015 WL 4469704 (S.D.N.Y. June 29, 2015).

What is really happening here is that Plaintiffs are seemingly trying to put themselves in the shoes of the United States government, as they purport to conduct their own investigation of

**ABRAMS** **FENSTERMAN**

Page 4

the legitimacy of the relationship between Defendants and the Financial Vision Entities.[3] The non-parties, as individual members of the Financial Vision Entities, should not be forced to expose themselves to Plaintiffs' impermissible fishing expedition. Plaintiffs are seemingly trying to find every way possible to cut off the lifeline of the medical providers so that those providers will succumb to the financial pressure being leveled upon them by GEICO.

What better evidence of Plaintiffs' impure and unreasonable motives than the fact that they do not need to obtain any of the information requested in the non-party subpoenas from the non-parties? All of the information requested in the non-party subpoenas involves correspondence or material to and from at least one Defendant, or a non-party from which they have already requested and/or obtained similar information.

Thus, regardless of whether the information is relevant or not, Plaintiffs could have (if not already have) obtained the information requested in the non-party subpoenas from Defendants and other non-parties. It would appear that the only reason to seek similar information from the non-parties herein is for purposeful harassment of individual partners in the Abrams Fensterman law firm.

Though the discovery process is broad, it is not unlimited. *See In re Six Grand Jury Witnesses*, 979 F.2d 939 (2nd Circ. 1992). Plaintiffs are abusing the process to harass various non-parties and to exert undue pressure upon the Defendants. These tactics should not be permitted by the Court.

For these reasons, it is respectfully submitted that Plaintiffs' motion to compel production of further documents responsive to the non-party subpoenas should be denied in its entirety.

Respectfully submitted,

*Keith J. Singer*
Keith J. Singer

---

[3] It bears repeating that neither the Financial Vision Entities, nor its members, are parties to this proceeding. Yet, GEICO seeks volumes of discovery from them as if they were.