UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY COMPANY,<br><br>      Plaintiffs,<br><br>  *v.*<br><br>ALEXANDR ZAITSEV, M.D., METROPOLITAN INTERVENTIONAL MEDICAL SERVICES, P.C., ANTHONY BENEVENGA, CHARLES G. NICOLA, D.C., RIDGEWOOD DIAGNOSTIC LABORATORY, L.L.C., TRI-STATE MULTI-SPECIALTY MEDICAL SERVICES, P.C., RIVERSIDE MEDICAL SERVICES, P.C., KRISTAPPA SANGAVARAM, M.D., EUGENE GORMAN, M.D., BOGDAN NEGREA, M.D., ANTONIO CICCONE, D.O., STELLA AMANZE, P.A., FRIDA ISAKOV, P.A., LUCKNIE OVINCY, P.A., EMILY BAKERMAN, N.P., MELISSA EVANS, N.P., MINI MATHEW, N.P., ANGELA PULLOCK, N.P., LINDA SANTA MARIA, N.P., and RIVKA WEISS, N.P.,<br><br>      Defendants. | **ORDER**<br>20-CV-3495-FB-SJB |

**BULSARA, United States Magistrate Judge:**

  Plaintiff GEICO has moved to compel three non-party attorneys—Howard Fensterman, Jordan Fensterman, and Frank Carone (the "nonparties")—to produce documents in response to a Rule 45 subpoena.

  The motion is in a somewhat unusual posture.  Although ostensibly a motion to compel a subpoena response, it seeks to overcome the privilege asserted by the attorneys over the documents.  GEICO acknowledges that the documents sought are listed in a log produced by the nonparties and suggests that the Court review them in camera.  GEICO's motion unfortunately first mentions the substance of the privilege log

on the final page of its motion. And that challenge is based on select quotation to phrases in the log and a citation to a single 30-year-old case that stands for the unobjectionable proposition that nonlegal business advice is not covered by the attorney-client privilege.

GEICO can perhaps be faulted for relegating the central issues presented to the last few paragraphs of the motion. But this is understandable, since the log itself contains insufficient information to actually understand the basis of the privilege claim. Privilege logs in this district must comply with Local Rule 26.2. Among other things, a document log must list: "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." Loc. Civ. R. 55.2(c). Much of this information is not provided at all; the cursory descriptors "financial documents," "attachments," "cash flow," and "business operation" do not axiomatically demonstrate nonprivileged communication as GEICO suggests, but they do make it impossible for it or the Court to evaluate the privilege in the first instance. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41, 48 (E.D.N.Y. 2011).

The motion to compel is denied without prejudice. The nonparties are directed to provide a Rule 26.2-compliant privilege log by **January 24, 2022**. Following service of the log, the parties are directed to meet and confer about the entries that GEICO intends to challenge in a renewed motion to compel.

In any renewed motion to compel, GEICO must also address an issue about which the Court remains mindful: an apparently attenuated relationship between the nonparties and this case. As the Court understands their posture, the defendants in the

case used the Financial Vision Entities to maintain control over the Provider Defendants and to perpetuate their allegedly illegal billing scheme. Those Financial Vision Entities themselves, as LLCs, have corporate members—including FHJ Vision and DMC Capital—and the members, in turn, of those LLCs are the nonparty attorneys. This apparently weak or third-level link is pertinent to two aspects of the motion. *First*, the further removed the nonparties are from the claims and defenses in the case, the more difficult it becomes to grant the relief sought. That is because it is more difficult to establish that the information even should be compelled, even if nonprivileged. For example, the motion's conclusory assertions that "the subpoenaed communications are . . . manifestly relevant to this action," do little to elucidate matters, since they focus on the Financial Vision Entities, as opposed to the specific role that these nonparties played in the LLCs that formed the members of the Financial Vision Entities, who are themselves nonparties. Saying someone is a member of an LLC that was a member of another LLC that was used to perpetuate a scheme does not *ipso facto* suggest that the communications of the member are relevant and discoverable. Given the discovery conducted to date, a more specific and less generic showing about the specific role of the nonparties would be expected, but is not in the present motion. The more removed the nonparties are, the easier it is to countenance the assertion that they were acting as attorneys *qua* attorneys, and not providing business advice. On the flip side, the nonparties have failed to explain their relationship to the LLCs they were members of—for example, whether they were involved in business or management, or whether they only provided legal advice—that makes it equally difficult to credit assertions that they only provided privileged legal advice. *Second*, the further removed the nonparties are, the greater the need to determine whether the information sought can be obtained

3

through more easily accessible means (and avoid the thorny privilege issues).  For instance, the nonparties have stated that documents from the Financial Vision Entities themselves have been produced and a deposition from those entities was already taken.  GEICO, having not been accorded a reply brief, could not be expected to respond to this argument; but, it is essential it do so in any renewed motion.  This is a long way of saying that the Court has considerable skepticism for the need for this discovery—as relevant and proportional requests—putting aside the privilege issues.  Any renewed motion to compel should be filed by **February 9, 2022**, following, as indicated, production of a Rule 26.2-compliant privilege log and a meet-and-confer.  Any opposition to the motion should be filed by **February 21, 2022**.

        SO ORDERED.

        */s/ Sanket J. Bulsara*  1/10/2022
        SANKET J. BULSARA
        United States Magistrate Judge

Brooklyn, New York