UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.: 1:20-cv-03495(FB)(SJB)

-------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,

**Plaintiffs,**

**ANSWER TO AMENDED
COMPLAINT**

-against-

ALEXANDR ZAITSEV, M.D., METROPOLITAN
INTERVENTIONAL MEDICAL SERVICES, P.C.,
ANTHONY BENEVENGA, CHARLES G.
NICOLA, D.C., RIDGEWOOD DIAGNOSTIC
LABORATORY, L.L.C., TRI-STATE MULTI-
SPECIALTY MEDICAL SERVICES, P.C.,
RIVERSIDE MEDICAL SERVICES, P.C.,
KRISTAPPA SANGAVARAM, M.D., ALLAN
WEISSMAN, M.D., EUGENE GORMAN, M.D.,
BOGDAN NEGREA, M.D., ANTONIO CICCONE,
D.O., STELLA AMANZE, P.A., FRIDA ISAKOV,
P.A., LUCKNIE OVINCY, P.A., EMILY
BAKERMAN, N.P., MELISSA EVANS, N.P.,
MINI MATHEW, N.P., ANGELA PULLOCK, N.P.,
LINDA SANTA MARIA, N.P., and RIVKA
WEISS, N.P.,

**Defendants.**

-------------------------------------------------------------X

Now come the Defendants, STELLA AMANZE, PA, EMILY BAKERMAN, NP,

ANTHONY BENEVENGA, ANTONIO CICCONE, DO, MELISSA EVANS, NP, EUGENE

GORMAN, MD, FRIDA ISAKOV, PA, MINI MATHEW, NP, METROPOLITAN

INTERVENTIONAL MEDICAL SERVICES, P.C., BOGDAN NEGREA, MD, CHARLES G.

NICOLA, DC. LUCKNIE OVINCY, PA, ANGELA PULLOCK, NP, RIDGEWOOD

DIAGNOSTIC LABORATORY, L.L.C., LINDA SANTA MARIA, NP, RIVKA WEISS, N.P.,

ALEXANDR ZAITSEV, M.D., ("Answering Defendants") and interpose the following pleading

as and for their Answer to Plaintiffs' Amended Complaint in this matter filed December 17, 2022.

## NATURE OF THE ACTION

1. The Answering Defendants deny the allegations contained in paragraph 1 of the Plaintiffs' Complaint insofar as they relate or refer to the Answering Defendants. The Answering Defendants deny information sufficient to form a belief as to the balance of the allegations contained in this paragraph.

2. The Answering Defendants deny the allegations contained paragraph 2 of the Complaint.

3. The Answering Defendants deny the allegations contained paragraph 3 of the Complaint.

4. The Answering Defendants deny the allegations contained in paragraph 4 of the Plaintiffs' Complaint insofar as they relate or refer to the Answering Defendants. The Answering Defendants deny information sufficient to form a belief as to the balance of the allegations contained in this paragraph.

5. The Answering Defendants deny the allegations contained in paragraph 5 of the Plaintiffs' Complaint insofar as they relate or refer to the Answering Defendants. The Answering Defendants deny information sufficient to form a belief as to the balance of the allegations contained in this paragraph.

6. The Answering Defendants deny the allegations contained in paragraph 6 of the Plaintiffs' Complaint insofar as they relate or refer to the Answering Defendants. The Answering Defendants deny information sufficient to form a belief as to the balance of the allegations contained in this paragraph.

7.     The Answering Defendants deny the allegations contained in paragraph 7 of the Plaintiffs' Complaint insofar as they relate or refer to the Answering Defendants.  The Answering Defendants deny information sufficient to form a belief as to the balance of the allegations contained in this paragraph.

8.     The Answering Defendants deny the allegations contained in paragraph 8 of the Plaintiffs' Complaint insofar as they relate or refer to the Answering Defendants.  The Answering Defendants deny information sufficient to form a belief as to the balance of the allegations contained in this paragraph.

9.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 9 of the Complaint.

## THE PARTIES

10.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 10 of the Complaint.

11.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 11 of the Complaint.

12.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 12 of the Complaint.

13.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 13 of the Complaint.

14.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 14 of the Complaint.

15.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 15 of the Complaint.

16.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 16 of the Complaint.

17.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 17 of the Complaint.

18.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 18 of the Complaint.

19.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 19 of the Complaint.

20.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 20 of the Complaint.

21.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 21 of the Complaint.

22.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 22 of the Complaint.

23.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 23 of the Complaint.

24.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 24 of the Complaint.

25.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 25 of the Complaint. except to admit that Defendant Gorman resides in and is a citizen of New Jersey.

26.     The Answering Defendants deny the allegations contained in paragraph 26 of the Plaintiffs' Complaint except to admit that Defendant Negrea resides in and is a citizen of New York.

27.     The Answering Defendants deny the allegations contained in paragraph 27 of the Plaintiffs' Complaint except to admit that Defendant Ciccone resides in and is a citizen of New Jersey.

28.     The Answering Defendants deny the allegations contained in paragraph 28 of the Plaintiffs' Complaint except to admit that Defendant Amanze resides in and is a citizen of New Jersey.

29.     The Answering Defendants deny the allegations contained in paragraph 29 of the Plaintiffs' Complaint except to admit that Defendant Isakov resides in and is a citizen of New York.

30.     The Answering Defendants deny the allegations contained in paragraph 30 of the Plaintiffs' Complaint except to admit that Defendant Ovincy resides in and is a citizen of New Jersey.

31.     The Answering Defendants deny the allegations contained in paragraph 31 of the Plaintiffs' Complaint except to admit that Defendant Bakerman resides in and is a citizen of New Jersey.

32.     The Answering Defendants deny the allegations contained in paragraph 32 of the Plaintiffs' Complaint except to admit that Defendant Evans resides in and is a citizen of New York.

33.     The Answering Defendants deny the allegations contained in paragraph 33 of the Plaintiffs' Complaint except to admit that Defendant Mathew resides in and is a citizen of New York.

34.     The Answering Defendants deny the allegations contained in paragraph 34 of the Plaintiffs' Complaint except to admit that Defendant Pullock resides in and is a citizen of New Jersey.

35.     The Answering Defendants deny the allegations contained in paragraph 35 of the Plaintiffs' Complaint except to admit that Defendant Santa Maria resides in and is a citizen of New Jersey.

36.     The Answering Defendants deny the allegations contained in paragraph 36 of the Plaintiffs' Complaint except to admit that Defendant Weiss resides in and is a citizen of New York.

### III.     Crosstown Medical PC and William Focazio MD and Allan Weissman MD

37.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 37 of the Complaint.

38.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 38 of the Complaint.

39.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 39 of the Complaint.

40.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 40 of the Complaint.

41.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 41 of the Complaint.


### JURISDICTION AND VENUE

42.     Denies the allegations contained in paragraph 42 of the Complaint as legal conclusions to which no responsive pleading is required.

43. Denies the allegations contained in paragraph 43 of the Complaint as legal conclusions to which no responsive pleading is required.

44. Denies the allegations contained in paragraph 44 of the Complaint as legal conclusions to which no responsive pleading is required.

45. Denies the allegations contained in paragraph 45 of the Complaint as legal conclusions to which no responsive pleading is required.

46. The Answering Defendants deny the allegations contained paragraph 46 of the Complaint.

47. The Answering Defendants deny the allegations contained paragraph 47 of the Complaint.

48. The Answering Defendants deny the allegations contained paragraph 48 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

49. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 49 of the Complaint.

50. The Answering Defendant neither admits nor denies the allegations contained in paragraph 50 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

51. The Answering Defendant neither admits nor denies the allegations contained in paragraph 51 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

52.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 52 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

53.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 53 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

54.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 54 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

55.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 55 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

56.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 56 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

57.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 57 of the Plaintiffs' Complaint as the allegations purport to interpret New York State

Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

58.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 58 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

59.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 59 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

60.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 60 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

61.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 61 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

62.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 62 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

63. The Answering Defendant neither admits nor denies the allegations contained in paragraph 63 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

64. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 64 of the Complaint.

65. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 65 of the Complaint.

66. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 66 of the Complaint.

67. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 67 of the Complaint.

68. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 68 of the Complaint.

**B.** **Pertinent New Jersey Law Governing No-Fault Reimbursement**

69. The Answering Defendant neither admits nor denies the allegations contained in paragraph 69 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

70. The Answering Defendant neither admits nor denies the allegations contained in paragraph 70 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

71.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 71 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

72.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 72 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

73.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 73 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

74.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 74 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

75.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 75 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

76.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 76 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State

Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

77.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 77 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

78.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 78 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

79.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 79 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

80.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 80 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

81.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 81 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

82.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 82 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

83.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 83 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

84.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 84 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

85.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 85 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

86.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 86 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

87.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 87 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State

Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

88.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 88 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

89.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 89 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

90.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 90 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

91.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 91 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

92.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 92 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

93. The Answering Defendant neither admits nor denies the allegations contained in paragraph 93 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

94. The Answering Defendant neither admits nor denies the allegations contained in paragraph 94 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

95. The Answering Defendant neither admits nor denies the allegations contained in paragraph 95 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

96. The Answering Defendant neither admits nor denies the allegations contained in paragraph 96 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

97. The Answering Defendant neither admits nor denies the allegations contained in paragraph 97 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

98. The Answering Defendant neither admits nor denies the allegations contained in paragraph 98 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State

Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

99.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 99 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

100.    The Answering Defendant neither admits nor denies the allegations contained in paragraph 100 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

## II.    The Antecedents of the Defendants' Fraudulent Schemes

101.    The Answering Defendants deny the allegations contained paragraph 101 of the Complaint.

102.    The Answering Defendants deny the allegations contained paragraph 102 of the Complaint.

103.    The Answering Defendants deny the allegations contained paragraph 103 of the Complaint.

104.    The Answering Defendants deny the allegations contained paragraph 104 of the Complaint.

105.    The Answering Defendants deny the allegations contained paragraph 105 of the Complaint.

106.    The Answering Defendants deny the allegations contained paragraph 106 of the Complaint.

107.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 107 of the Complaint.

108.     The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the remaining allegations contained paragraph 108 of the Complaint.

109.     The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 109 of the Complaint.

110.     The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 110 of the Complaint.

111.     The Answering Defendants deny the allegations contained paragraph 111 of the Complaint.

112.     The Answering Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.     The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 113 of the Complaint.

### III.     **The Defendants' Fraudulent Scheme**

114.     The Answering Defendants the allegations contained paragraph 114 of the Complaint.

115.     The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 115 of the Complaint.

116.     The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 116 of the Complaint.

117.    The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 117 of the Complaint.

118.    The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 118 of the Complaint.

119.    The Answering Defendants deny the allegations against them and deny information sufficient to form a belief as to the allegations contained paragraph 119 of the Complaint.

**B.    Tri-States Unlawful Operations in New York**

120.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 120 of the Complaint.

121.    The Answering Defendant neither admits nor denies the allegations contained in paragraph 121 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

122.    The Answering Defendant neither admits nor denies the allegations contained in paragraph 122 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

123.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 123 of the Complaint.

124.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 124 of the Complaint.

125.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 125 of the Complaint.

126.     The Answering Defendants deny the allegations against them and deny knowledge, information or belief as to the remaining allegations contained in paragraph 126 of the Complaint.

127.     The Answering Defendants deny the allegations against them and deny knowledge, information or belief as to the remaining allegations contained in paragraph 127 of the Complaint.

128.     The Answering Defendants deny the allegations against them and deny knowledge, information or belief as to the remaining allegations contained in paragraph 128 of the Complaint.

### C.     Metropolitan and Riverside's Unlawful Operations In New Jersey

129.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 129 of the Plaintiffs' Complaint as the allegations purport to interpret New Jersey State Law, the New Jersey State No-fault insurance laws and regulations and/or the Worker's Compensation Fee Schedule.

130.     The Answering Defendants deny the allegations contained paragraph 130 of the Complaint.

131.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 131 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

132.     The Answering Defendants deny the allegations contained paragraph 132 of the Complaint.

133.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 133 of the Complaint.

134.     The Answering Defendants deny the allegations contained paragraph 134 of the Complaint.

### D. The Defendants' Interrelated Fraudulent Treatment and Billing Protocols

135. The Answering Defendants deny the allegations contained paragraph 135 of the Complaint.

136. The Answering Defendants deny the allegations contained paragraph 136 of the Complaint.

137. The Answering Defendants deny the allegations contained paragraph 137 of the Complaint.

138. The Answering Defendants deny the allegations contained paragraph 138 of the Complaint.

139. The Answering Defendants deny the allegations contained paragraph 139 of the Complaint.

140. The Answering Defendants deny the allegations contained paragraph 140 of the Complaint.

### 1. The PC Defendants' and Crosstown's Fraudulent Charges for Initial Examinations

141. The Answering Defendants deny the allegations as to them and deny information sufficient to form a belief as to the allegations contained paragraph 141 of the Complaint.

142. The Answering Defendants deny the allegations contained paragraph 142 of the Complaint.

143. The Answering Defendants deny the allegations contained paragraph 143 of the Complaint.

144. The Answering Defendants deny the allegations contained paragraph 144 of the Complaint.

145.	The Answering Defendants deny the allegations contained paragraph 145 of the Complaint.

146.	The Answering Defendants deny the allegations contained paragraph 146 of the Complaint.

### A.	Misrepresentations Regarding the Severity of the Insureds' Presenting Problems

147.	The Answering Defendants deny the allegations contained paragraph 147 of the Complaint.

148.	The Answering Defendant neither admits nor denies the allegations contained in paragraph 148 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

149.	The Answering Defendant neither admits nor denies the allegations contained in paragraph 149 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

150.	The Answering Defendant neither admits nor denies the allegations contained in paragraph 150 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

151.	The Answering Defendant neither admits nor denies the allegations contained in paragraph 151 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

152. The Answering Defendant neither admits nor denies the allegations contained in paragraph 152 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

153. The Answering Defendant neither admits nor denies the allegations contained in paragraph 153 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

154. The Answering Defendant neither admits nor denies the allegations contained in paragraph 154 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

155. The Answering Defendants deny the allegations contained paragraph 155 of the Complaint.

156. The Answering Defendants deny the allegations contained paragraph 156 of the Complaint.

157. The Answering Defendants deny the allegations contained paragraph 157 of the Complaint.

158. The Answering Defendants deny the allegations contained paragraph 158 of the Complaint.

159. The Answering Defendants deny the allegations contained paragraph 159 of the Complaint.

160. The Answering Defendants deny the allegations contained paragraph 160 of the Complaint.

161. The Answering Defendants deny the allegations contained paragraph 161 of the Complaint.

162. The Answering Defendants deny the allegations contained paragraph 162 of the Complaint.

163. The Answering Defendants deny the allegations contained paragraph 163 of the Complaint.

164. The Answering Defendants deny the allegations contained paragraph 164 of the Complaint.

**B.      Misrepresentations Regarding the Amount of Time Spent on the Initial Examinations**

165. The Answering Defendants deny the allegations contained paragraph 165 of the Complaint.

166. The Answering Defendant neither admits nor denies the allegations contained in paragraph 166 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

167. The Answering Defendant neither admits nor denies the allegations contained in paragraph 167 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

168. The Answering Defendant neither admits nor denies the allegations contained in paragraph 168 of the Plaintiffs' Complaint as the allegations purport to interpret New York State

Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

169. The Answering Defendants deny the allegations contained paragraph 169 of the Complaint.

170. The Answering Defendants deny the allegations contained paragraph 170 of the Complaint.

171. The Answering Defendants deny the allegations contained paragraph 171 of the Complaint.

172. The Answering Defendants deny the allegations contained paragraph 172 of the Complaint.

173. The Answering Defendants deny the allegations contained paragraph 173 of the Complaint.

174. The Answering Defendants deny the allegations contained paragraph 174 of the Complaint.

175. The Answering Defendants deny the allegations contained paragraph 175 of the Complaint.

### C. Misrepresentations Regarding the Performance of "Detailed" and "Comprehensive" Physical Examinations

176. The Answering Defendants deny the allegations contained paragraph 176 of the Complaint.

177. The Answering Defendant neither admits nor denies the allegations contained in paragraph 177 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.]

178. The Answering Defendant neither admits nor denies the allegations contained in paragraph 178 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

179. The Answering Defendant neither admits nor denies the allegations contained in paragraph 179 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

180. The Answering Defendant neither admits nor denies the allegations contained in paragraph 180 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

181. The Answering Defendant neither admits nor denies the allegations contained in paragraph 181 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

182. The Answering Defendant neither admits nor denies the allegations contained in paragraph 182 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

183. The Answering Defendants deny the allegations contained paragraph 183 of the Complaint.

184.     The Answering Defendants deny the allegations contained paragraph 184 of the Complaint.

185.     The Answering Defendants deny the allegations contained paragraph 185 of the Complaint.

186.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 186 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

187.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 187 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

188.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 188 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

189.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 189 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

190.     The Answering Defendants deny the allegations contained paragraph 190 of the Complaint.

191.    The Answering Defendants deny the allegations contained paragraph 191 of the Complaint.

192.    The Answering Defendants deny the allegations contained paragraph 192 of the Complaint.

193.    The Answering Defendants the allegations contained paragraph 193 of the Complaint.

194.    The Answering Defendants deny the allegations contained paragraph 194 of the Complaint.

195.    The Answering Defendants deny the allegations contained paragraph 195 of the Complaint.

### D.    Misrepresentations Regarding the Extent of Medical Decision-Making

196.    The Answering Defendant neither admits nor denies the allegations contained in paragraph 196 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

197.    The Answering Defendant neither admits nor denies the allegations contained in paragraph 197 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

198.    The Answering Defendant neither admits nor denies the allegations contained in paragraph 198 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

199. The Answering Defendants deny the allegations contained paragraph 199 of the Complaint.

200. The Answering Defendants deny the allegations contained paragraph 200 of the Complaint.

201. The Answering Defendants deny the allegations contained paragraph 201 of the Complaint.

202. The Answering Defendants deny the allegations contained paragraph 202 of the Complaint.

203. The Answering Defendants deny the allegations contained paragraph 203 of the Complaint.

204. The Answering Defendants deny the allegations contained paragraph 204 of the Complaint.

205. The Answering Defendants deny the allegations contained paragraph 205 of the Complaint.

206. The Answering Defendants deny the allegations contained paragraph 206 of the Complaint.

207. The Answering Defendants deny the allegations contained paragraph 207 of the Complaint.

208. The Answering Defendants deny the allegations contained paragraph 208 of the Complaint.

209. The Answering Defendants deny the allegations contained paragraph 209 of the Complaint.

210. The Answering Defendants deny the allegations contained paragraph 210 of the Complaint.

211. The Answering Defendants deny the allegations contained paragraph 211 of the Complaint.

212. The Answering Defendants deny the allegations contained paragraph 212 of the Complaint.

213. The Answering Defendants deny the allegations contained paragraph 213 of the Complaint.

214. The Answering Defendants deny the allegations contained paragraph 214 of the Complaint.

215. The Answering Defendants deny the allegations contained paragraph 215 of the Complaint.

216. The Answering Defendants deny the allegations contained paragraph 216 of the Complaint.

217. The Answering Defendants deny the allegations contained paragraph 217 of the Complaint.

218. The Answering Defendants deny the allegations contained paragraph 218 of the Complaint.

219. The Answering Defendants deny the allegations contained paragraph 219 of the Complaint.

220. The Answering Defendants deny the allegations contained paragraph 220 of the Complaint

221.     The Answering Defendants deny the allegations contained paragraph 221 of the Complaint.

**2.      The Fraudulent Charges For Follow-up Examinations**

222.     The Answering Defendants deny the allegations contained paragraph 222 of the Complaint.

223.     The Answering Defendants deny the allegations contained paragraph 223 of the Complaint.

224.     The Answering Defendants deny the allegations contained paragraph 224 of the Complaint.

225.     The Answering Defendants deny the allegations contained paragraph 225 of the Complaint.

226.     The Answering Defendants deny the allegations contained paragraph 226 of the Complaint.

**A.      Misrepresentations Regarding the Severity of the Insured's Presenting Problems**

227.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 227 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

228.     The Answering Defendant neither admits nor denies the allegations contained in paragraph 228 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

229. The Answering Defendant neither admits nor denies the allegations contained in paragraph 229 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

230. The Answering Defendant neither admits nor denies the allegations contained in paragraph 230 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

231. The Answering Defendant neither admits nor denies the allegations contained in paragraph 231 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

232. The Answering Defendant neither admits nor denies the allegations contained in paragraph 232 of the Plaintiffs' Complaint as the allegations purport to interpret New York State Law, the New York State No-fault laws and regulations and/or the Worker's Compensation Fee Schedule.

233. The Answering Defendants deny the allegations contained paragraph 233 of the Complaint.

234. The Answering Defendants deny the allegations contained paragraph 234 of the Complaint.

235. The Answering Defendants deny the allegations contained paragraph 235 of the Complaint.

236. The Answering Defendants deny the allegations contained paragraph 236 of the Complaint.

237. The Answering Defendants deny the allegations contained paragraph 237 of the Complaint.

238. The Answering Defendants deny the allegations contained paragraph 238 of the Complaint.

239. The Answering Defendants deny the allegations contained paragraph 239 of the Complaint.

        **B.**       **Misrepresentations Regarding the Nature, Extent and Results of the Follow-Up Examinations**

240. The Answering Defendants deny the allegations contained paragraph 240 of the Complaint.

241. The Answering Defendants deny the allegations contained paragraph 241 of the Complaint.

242. The Answering Defendants deny the allegations contained paragraph 242 of the Complaint.

243. The Answering Defendants deny the allegations contained paragraph 243 of the Complaint.

244. The Answering Defendants deny the allegations contained paragraph 244 of the Complaint.

245. The Answering Defendants deny the allegations contained paragraph 245 of the Complaint.

246. The Answering Defendants deny the allegations contained paragraph 246 of the Complaint.

247. The Answering Defendants deny the allegations contained paragraph 247 of the Complaint.

### 3. The PC Defendants and Crosstown's Fraudulent Charges for "Outcome Assessment Tests"

248. The Answering Defendants deny the allegations contained paragraph 248 of the Complaint.

249. The Answering Defendants deny the allegations contained paragraph 249 of the Complaint.

250. The Answering Defendants deny the allegations contained paragraph 250 of the Complaint.

251. The Answering Defendants deny the allegations contained paragraph 251 of the Complaint

252. The Answering Defendants deny the allegations contained paragraph 252 of the Complaint.

253. The Answering Defendants deny the allegations contained paragraph 253 of the Complaint.

254. The Answering Defendants deny the allegations contained paragraph 254 of the Complaint.

255. The Answering Defendants deny the allegations contained paragraph 255 of the Complaint.

256. The Answering Defendants deny the allegations contained paragraph 256 of the Complaint.

257. The Answering Defendants deny the allegations contained paragraph 257 of the Complaint.

258.     The Answering Defendants deny the allegations contained paragraph 258 of the Complaint.

259.     The Answering Defendants deny the allegations contained paragraph 259 of the Complaint.

260.     The Answering Defendants deny the allegations contained paragraph 260 of the Complaint.

261.     The Answering Defendants deny the allegations contained paragraph 261 of the Complaint.

262.     The Answering Defendants deny the allegations contained paragraph 262 of the Complaint.

263.     The Answering Defendants deny the allegations contained paragraph 263 of the Complaint.

**4.      The PC Defendants and Crosstown's Fraudulent Charges for Computerized Range of Motion and Muscle Strength Tests**

264.     The Answering Defendants deny the allegations contained paragraph 264 of the Complaint.

265.     The Answering Defendants the allegations contained paragraph 265 of the Complaint.

266.     The Answering Defendants deny the allegations contained paragraph 266 of the Complaint.

**A.      Traditional Tests to Evaluate the Human Body's Range of Motion and Muscle Strength**

267.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 267 of the Complaint.

268.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 268 of the Complaint.

269.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 269 of the Complaint.

270.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 270 of the Complaint.

271.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 271 of the Complaint.

272.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 272 of the Complaint.

273.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 273 of the Complaint.

## B.     The Duplicate Billing For Medically Unnecessary Computerized Range of Motion Tests

274.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 274 of the Complaint.

275.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 275 of the Complaint.

276.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 276 of the Complaint.

277.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 277 of the Complaint.

278.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 278 of the Complaint.

279.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 279 of the Complaint.

280.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 280 of the Complaint.

281.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 281 of the Complaint.

282.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 282 of the Complaint.

283.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 283 of the Complaint.

### C.     The Fraudulent Unbundling of Charges for the Computerized Range of Motion and Muscle Tests

284.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 284 of the Complaint.

285.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 285 of the Complaint.

286.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 286 of the Complaint.

287.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 287 of the Complaint.

288.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 288 of the Complaint.

289.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 289 of the Complaint.

290.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 290 of the Complaint.

291.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 291 of the Complaint.

**D.      The Fraudulent Misrepresentations Regarding the Existence of Written, Interpretive Reports for the Computerized Range of Motion and Muscle Strength Tests**

292.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 292 of the Complaint.

293.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 293 of the Complaint.

294.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 294 of the Complaint.

295.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 295 of the Complaint.

296.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 296 of the Complaint.

297.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 297 of the Complaint.

298.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 298 of the Complaint.

299.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 299 of the Complaint.

5. **Metropolitan, Tri-State, and Cross-Town's Fraudulent Charges for "Activity Limitation Measurement" Tests**

300.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 300 of the Complaint.

301.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 301 of the Complaint.

302.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 302 of the Complaint.

303.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 303 of the Complaint.

304.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 304 of the Complaint.

305.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 305 of the Complaint.

306.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 306 of the Complaint.

6. **The PC Defendant's Fraudulent Charges for Trigger Point Injections**

307.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 307 of the Complaint

308.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 308 of the Complaint

309.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 309 of the Complaint.

310. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 310 of the Complaint.

311. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 311 of the Complaint.

### A. Standards for the Legitimate Use of Trigger Point Injections

312. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 312 of the Complaint.

313. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 313 of the Complaint.

314. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 314 of the Complaint.

315. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 315 of the Complaint.

316. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 316 of the Complaint.

### B. The Medically Unnecessary Trigger Point Injections

317. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 317 of the Complaint.

318. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 318 of the Complaint.

319. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 319 of the Complaint.

320.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 320 of the Complaint.

321.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 321 of the Complaint.

322.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 322 of the Complaint.

323.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 323 of the Complaint.

324.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 324 of the Complaint.

7.     **The PC Defendants' Fraudulent Charges for Pain Management Injections Under Anesthesia**

325.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 325 of the Complaint.

326.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 326 of the Complaint.

327.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 327 of the Complaint.

328.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 328 of the Complaint.

329.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 329 of the Complaint.

330.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 330 of the Complaint.

### A. Legitimate Use of Pain Management Injections

331. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 331 of the Complaint.

332. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 332 of the Complaint.

333. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 333 of the Complaint.

334. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 334 of the Complaint.

335. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 335 of the Complaint.

336. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 336 of the Complaint.

### B. The Fraudulent Chagres for Pain Management Injections

337. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 337 of the Complaint.

338. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 338 of the Complaint.

339. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 339 of the Complaint.

340. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 340 of the Complaint.

341. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 341 of the Complaint.

342. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 342 of the Complaint.

343. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 343 of the Complaint.

344. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 344 of the Complaint.

345. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 345 of the Complaint.

346. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 346 of the Complaint.

### D. The Medically Unnecessary Anesthesia Services

347. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 347 of the Complaint.

348. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 348 of the Complaint.

349. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 349 of the Complaint.

350. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 350 of the Complaint.

351. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 351 of the Complaint.

352.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 352 of the Complaint.

353.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 353 of the Complaint.

354.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 354 of the Complaint.

355.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 355 of the Complaint.

356.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 356 of the Complaint.

357.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 357 of the Complaint.

### D.     The Unlawful Self-Referrals for Pain Management Injections

358.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 358 of the Complaint.

359.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 359 of the Complaint.

360.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 360 of the Complaint.

361.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 361 of the Complaint.

362.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 362 of the Complaint

363.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 363 of the Complaint.

364.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 364 of the Complaint.

365.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 365 of the Complaint.

366.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 366 of the Complaint.

367.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 367 of the Complaint.

368.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 368 of the Complaint.

369.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 369 of the Complaint.

370.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 370 of the Complaint.

371.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 371 of the Complaint.


**8.     Ridgewood's Fraudulent Charges for Drug Testing**

372.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 372 of the Complaint.

373.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 373 of the Complaint.

374.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 374 of the Complaint.

375.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 375 of the Complaint.

376.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 376 of the Complaint.

377.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 377 of the Complaint.

378.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 378 of the Complaint

379.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 379 of the Complaint

380.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 380 of the Complaint.

381.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 381 of the Complaint.

382.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 382 of the Complaint.

383.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 383 of the Complaint.

384. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 384 of the Complaint.

385. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 385 of the Complaint.

386. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 386 of the Complaint.

387. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 387 of the Complaint.

388. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 388 of the Complaint.

389. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 389 of the Complaint

390. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 390 of the Complaint.

391. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 391 of the Complaint.

392. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 392 of the Complaint.

393. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 393 of the Complaint.

394. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 394 of the Complaint.

395. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 395 of the Complaint.

396. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 396 of the Complaint.

### E. The PC Defendants and Crosstown's Fraudulent Billing For Independent Contractor Services and for Unsupervised Physician Assistants and Nurse Practitioners

397. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 397 of the Complaint.

### 1. The PC Defendants and Crosstown's Fraudulent Billing For Independent Contractor's Services

398. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 398 of the Complaint.

399. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 399 of the Complaint.

400. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 400 of the Complaint

401. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 401 of the Complaint.

402. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 402 of the Complaint.

403. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 403 of the Complaint.

404. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 404 of the Complaint.

405.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 405 of the Complaint.

## 2.     The PC Defendants and Crosstown's Fraudulent Billing for Unsupervised Physician Assistants and Nurse Practitioners

406.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 406 of the Complaint.

407.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 407 of the Complaint.

408.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 408 of the Complaint.

409.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 409 of the Complaint.

410.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 410 of the Complaint.

411.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 411 of the Complaint.

## G.     The Violation of Sangavaram's 2014 Disciplinary Order

412.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 412 of the Complaint.

413.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 413 of the Complaint.

414.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 414 of the Complaint.

415. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 415 of the Complaint.

416. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 416 of the Complaint.

417. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 417 of the Complaint.

418. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 418 of the Complaint.

419. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 419 of the Complaint.

## IV. The Fraudulent Billing the Defendants Submitted or Caused to be Submitted to GEICO

420. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 420 of the Complaint.

421. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 421 of the Complaint.

## V. The Defendants' Fraudulent Concealment and GEICO's Justifiable Reliance

422. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 422 of the Complaint.

423. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 423 of the Complaint.

424. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 424 of the Complaint.

425.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 425 of the Complaint.

426.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 426 of the Complaint.

427.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 427 of the Complaint.

428.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 428 of the Complaint.

429.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 429 of the Complaint.

430.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 430 of the Complaint.

431.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 431 of the Complaint.

432.    The Answering Defendants deny the allegations contained paragraph 432 of the Complaint.

433.    The Answering Defendants deny the allegations contained paragraph 433 of the Complaint.

### FIRST CAUSE OF ACTION
**Against the Entity Defendants**
**(Declaratory Judgment, 28 U.S.C. Section 2201 and 2202)**

434.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

435.     The Answering Defendants deny the allegations contained paragraph 435 of the Complaint.

436.     The Answering Defendants deny the allegations contained paragraph 436 of the Complaint.

437.     The Answering Defendants deny the allegations contained paragraph 437 of the Complaint.

438.     The Answering Defendants deny the allegations contained paragraph 438 of the Complaint.

439.     The Answering Defendants deny the allegations contained paragraph 439 of the Complaint.

440.     The Answering Defendants deny the allegations contained paragraph 440 of the Complaint.

441.     The Answering Defendants deny the allegations contained paragraph 441 of the Complaint.

**SECOND CAUSE OF ACTION**
**Against Zaitsev**
**(Violation of RICO, 18 U.S.C. Section 1962(c))**

442.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

443.     The Answering Defendants the allegations contained paragraph 443 of the Complaint.

444.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 444 of the Complaint.

445. The Answering Defendants deny the allegations contained paragraph 445 of the Complaint.

446. The Answering Defendants deny the allegations contained paragraph 446 of the Complaint.

447. The Answering Defendants deny the allegations contained paragraph 447 of the Complaint.

448. The Answering Defendants deny the allegations contained paragraph 448 of the Complaint.

### THIRD CAUSE OF ACTION
**Against Zaitsev, Gortman, Negrea, Ciccone, Amanze, Isakov, Ovincy, Evans, Mathew, Santa Maria, and Weiss**
**(Violation of RICO, 18 U.S.C. Section 1962(c))**

449. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

450. The Answering Defendants deny the allegations contained paragraph 450 of the Complaint.

451. The Answering Defendants deny the allegations contained paragraph 451 of the Complaint.

452. The Answering Defendants deny the allegations contained paragraph 452 of the Complaint.

453. The Answering Defendants the allegations contained paragraph 453 of the Complaint.

454. The Answering Defendants deny the allegations contained in paragraph 454 of the Complaint

## FOURTH CAUSE OF ACTION
### Against Metropolitan, Zaitsev, Gorman, Negrea, Ciccone, Amanze, Isakov, Ovincy, Evans, Mathew, Santa Maria and Weiss
### (Common Law fraud)

455.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

456.     The Answering Defendants deny the allegations contained paragraph 456 of the Complaint.

457.     The Answering Defendants deny the allegations contained paragraph 457 of the Complaint.

458.     The Answering Defendants deny the allegations contained paragraph 458 of the Complaint.

459.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 459 of the Complaint.

460.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 460 of the Complaint.

461.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 461 of the Complaint.

## FIFTH CAUSE OF ACTION
### Against Metropolitan, Zaitsev, Gorman, Negrea, Ciccone, Amanze, Isakov, Ovincy, Evans, Mathew, Santa Maria and Weiss
### (Unjust Enrichment)

462.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

463.     The Answering Defendants deny the allegations contained paragraph 463 of the Complaint.

464. The Answering Defendants deny the allegations contained paragraph 464 of the Complaint.

465. The Answering Defendants deny the allegations contained paragraph 465of the Complaint.

466. The Answering Defendants deny the allegations contained paragraph 466 of the Complaint.

467. The Answering Defendants deny the allegations contained paragraph 467 of the Complaint.

## SIXTH CAUSE OF ACTION
**Against Metropolitan, Zaitsev, Gorman, Negrea, Ciccone, Amanze, Isakov, Ovincy, Evans,
(Violation of New Jersey Insurance Fraud Prevention Act
(N.J.S.A. 17:33A-1 et seq)**

468. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

469. The Answering Defendants deny the allegations contained paragraph 469 of the Complaint.

470. The Answering Defendants deny the allegations contained paragraph 470 of the Complaint.

## SEVENTH CAUSE OF ACTION
**Against Zaitsev and Sangavaram
(Violation of RICO, 18 U.S.C. Section 1962(c))**

471. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 471 of the Complaint.

472. The Answering Defendants deny the allegations contained paragraph 472 of the Complaint.

473. The Answering Defendants deny the allegations contained paragraph 473 of the Complaint.

474. The Answering Defendants deny the allegations contained paragraph 474 of the Complaint.

475. The Answering Defendants deny the allegations contained paragraph 475 of the Complaint.

476. The Answering Defendants deny the allegations contained paragraph 476 of the Complaint.

477. The Answering Defendants deny the allegations contained paragraph 477 of the Complaint.

## EIGHTH CAUSE OF ACTION
### Against Zaitsev, Sangavaram, Gorman, Negrea and the NP-PA Defendants
### (Violation of RICO, 18 U.S.C. Section 1962(c))

478. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

479. The Answering Defendants deny the allegations contained paragraph 479 of the Complaint.

480. The Answering Defendants deny the allegations contained in paragraph 480 of the Complaint.

481. The Answering Defendants deny the allegations contained in paragraph 481` of the Complaint.

482. The Answering Defendants deny the allegations contained in paragraph 482 of the Complaint.

483.     The Answering Defendants deny the allegations contained in paragraph 483 of the Complaint.

## NINTH CAUSE OF ACTION
### Against Tri-State, Zaitsev, Sangavaram, Gortman, Negrea and the NP-PA Defendants
### (Common Law fraud)

484.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

485.     The Answering Defendants deny the allegations contained paragraph 485 of the Complaint.

486.     The Answering Defendants deny the allegations contained paragraph 486 of the Complaint.

487.     The Answering Defendants deny the allegations contained paragraph 487 of the Complaint.

488.     The Answering Defendants the allegations contained paragraph 488 of the Complaint.

489.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 489 of the Complaint.

490.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 490 of the Complaint.

## TENTH CAUSE OF ACTION
### Against Tri-State, Zaitsev, Sangavaram, Gortman, Negrea and the NP-PA Defendants
### (Unjust Enrichment)

491.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

492.    The Answering Defendants deny the allegations contained paragraph 492 of the Complaint.

493.    The Answering Defendants deny the allegations contained paragraph 493 of the Complaint.

494.    The Answering Defendants deny the allegations contained paragraph 494 of the Complaint.

495.    The Answering Defendants deny the allegations contained paragraph 495 of the Complaint.

496.    The Answering Defendants deny the allegations contained paragraph 496 of the Complaint.

## ELEVENTH CAUSE OF ACTION
**Against Tri-State, Zaitsev, Sangavaram, Gortman, Negrea and the NP-PA Defendants
(Violation of New Jersey Insurance Fraud Prevention Act- (N.J.S.A. 17:33A-1 et seq)**

497.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

498.    The Answering Defendants deny the allegations contained paragraph 498of the Complaint.

499.    The Answering Defendants the allegations contained paragraph 499 of the Complaint.

## TWELFTH CAUSE OF ACTION
**Against Zaitsev and Sangavaram
(Violation of RICO, 18 U.S.C. Section 1962(c))**

500.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraph,

501.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 501 of the Complaint.

502.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 502 of the Complaint.

503.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 503 of the Complaint

504.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 504 of the Complaint.

505.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 505 of the Complaint.

506.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 506 of the Complaint.

**THIRTEENTH CAUSE OF ACTION**
**Against Zaitsev, Weissman, Sangavaram, Gorman and the NP-PA Defendants**
**(Violation of RICO, 18 U.S.C. Section 1962(c))**

507.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

508.    The Answering Defendants deny the allegations contained paragraph 508 of the Complaint.

509.    The Answering Defendants deny the allegations contained paragraph 509 of the Complaint.

510.    The Answering Defendants deny the allegations contained paragraph 510 of the Complaint.

511. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 511 of the Complaint.

512. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 512 of the Complaint.

## FOURTEENTH CAUSE OF ACTION
**Against Riverside Zaitsev, Weissman, Sangavaram, Gorman and the NP-PA Defendants
(Common Law fraud)**

513. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

514. The Answering Defendants deny the allegations contained paragraph 514 of the Complaint.

515. The Answering Defendants deny the allegations contained paragraph 515 of the Complaint.

516. The Answering Defendants deny the allegations contained paragraph 516 of the Complaint.

517. The Answering Defendants deny the allegations contained paragraph 517 of the Complaint.

518. The Answering Defendants deny the allegations contained paragraph 518 of the Complaint.

519. The Answering Defendants deny the allegations contained paragraph 519 of the Complaint.

## FIFTEENTH CAUSE OF ACTION
### Against Riverside Zaitsev, Weissman, Sangavaram, Gorman and the NP-PA Defendants
### (Unjust Enrichment)

520.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

521.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 521 of the Complaint.

522.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 522of the Complaint.

523.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 523 of the Complaint.

524.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 524 of the Complaint.

525.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 525 of the Complaint.

## SIXTEENTH CAUSE OF ACTION
### Against Riverside Zaitsev, Weissman, Sangavaram, Gorman and the NP-PA Defendants
### (Violation of New Jersey Insurance Fraud Prevention Act- (N.J.S.A. 17:33A-1 et seq)

526.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

527.    The Answering Defendants deny the allegations contained paragraph 527 of the Complaint.

528.    The Answering Defendants deny   the allegations contained paragraph 527 of the Complaint.

## SEVENTEENTH CAUSE OF ACTION
### Against Zaitsev, Benevenga and Nicola
### (Violation of RICO, 18 U.S.C. Section 1962(c))

529.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

530.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 530 of the Complaint.

531.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 531 of the Complaint.

532.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 532 of the Complaint.

533.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 533 of the Complaint.

534.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 535 of the Complaint.

535.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 536 of the Complaint.

## EIGHTEENTH CAUSE OF ACTION
### Against Zaitsev, Benevenga, Nicola, Riverside, Tri-State, Sangavaram, Gorman and the NP-PA Defendants
### (Violation of RICO, 18 U.S.C. Section 1962(c))

536.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

537.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 537 of the Complaint.

538. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 538 of the Complaint.

539. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 539 of the Complaint.

540. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

541. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 541 of the Complaint.

## NINETEENTH CAUSE OF ACTION
### Against Ridgewood, Zaitsev, Benevenga, and Nicola
### (Common Law Fraud)

542. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

543. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 543 of the Complaint.

544. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 544 of the Complaint.

545. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 545 of the Complaint.

546. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 546 of the Complaint.

547. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 547 of the Complaint.

548.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 548 of the Complaint.

## TWENTIETH CAUSE OF ACTION
### Against Tri-State, Riverside, Sangavaram, Gorman and the NP-PA Defendants
### (Aiding and Abetting Fraud)

549.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

550.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 550 of the Complaint

551.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 551 of the Complaint

552.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 552 of the Complaint.

553.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

554.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 554 of the Complaint.

## TWENTY-FIRST CAUSE OF ACTION
### Against Ridgewood, Zaitsev, Benevenga, and   Nicola
### (Unjust Enrichment)

555.     The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

556.     The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 556 of the Plaintiffs' Complaint.

557.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 557 of the Complaint.

558.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 558 of the Complaint.

559.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 559 of the Complaint.

560.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 560 of the Complaint.

### TWENTY-SECOND CAUSE OF ACTION
**Against Ridgewood, Zaitsev, Benevenga, and   Nicola**
**(Violation of New Jersey Insurance Fraud Prevention Act- (N.J.S.A. 17:33A-1 et seq)**

561.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

562.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 562 of the Complaint.

563.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 563 of the Complaint.

564.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 564 of the Complaint.

### TWENTY-THIRD CAUSE OF ACTION
**Against Zaitsev**
**(Violation of RICO, 18 U.S.C. Section 1962(c))**

565. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

566. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 566 of the Complaint

567. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 567 of the Complaint.

568. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 568of the Complaint.

569. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 569 of the Complaint.

570. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 570 of the Complaint.

571. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 571 of the Complaint.

### TWENTY-FOURTH CAUSE OF ACTION
**Against Zaitsev and the NP-PA Defendants**
**(Violation of RICO, 18 U.S.C. Section 1962(c))**

572. The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

573. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 573 of the Complaint.

574. The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 574 of the Complaint.

575.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 575 of the Complaint.

576.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 576 of the Complaint.

577.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 577 of the Complaint.

578.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 578 of the Complaint.

## TWENTY-FIFTH CAUSE OF ACTION
### Against Zaitsev and the NP-PA Defendants
### (Common Law Fraud)

579.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

580.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 580 of the Complaint.

581.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 581 of the Complaint.

582.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 582 of the Complaint.

583.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 583 of the Complaint.

584.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 584 of the Complaint.

585.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 585 of the Complaint.

## TWENTY-SIXTH CAUSE OF ACTION
### Against Zaitsev and the NP-PA Defendants
### (Unjust Enrichment)

586.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

587.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 587 of the Complaint.

588.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 588 of the Complaint.

589.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 589 of the Complaint.

590.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 590 of the Complaint.

591.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 591 of the Complaint.

## TWENTY-SEVENTH CAUSE OF ACTION
### Against Zaitsev and the NP-PA Defendants
### (Violation of New Jersey Insurance Fraud Prevention Act- (N.J.S.A. 17:33A-1 et seq)

592.    The Answering Defendants incorporate, as though fully set forth herein, each and every answer set forth in the foregoing paragraphs.

593.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 593 of the Complaint.

594.    The Answering Defendants deny information sufficient to form a belief as to the allegations contained paragraph 594 of the Complaint.

## JURY DEMAND

595.    The Answering Defendants neither admit nor deny the statement in paragraph 595 of the complaint as it is a jury demand.

## JURY DEMAND

The Answering Defendants neither admit nor deny the statement as it is a jury demand.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the Statute of Frauds.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the Statute of Repose.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of claim preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of issue preclusion.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery for lack of privity.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery as they have failed to satisfy a necessary jurisdictional prerequisite.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery by the doctrine of offer and compromise.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery as they have failed to comply with the rules and regulations of the State of New York pertaining to no-fault insurance coverage.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery as any damages suffered have been recouped through subrogation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery as any damages suffered have been passed through to insureds through the adjustment of insurance rates as reported to the New York Insurance Department.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs cannot seek a Declaratory Judgment against the professional corporation as there is existing arbitration and litigation. The professional corporation's rights to choose forum under the NY No-fault Rules and Regulation cannot be abrogated by the Plaintiff instituting this action.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have not satisfied their burden to reverse, modify or amend arbitration rulings as required under the New York Alternative Procedure for Dispute Resolution Act, or the New York Arbitration Act

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs cannot seek a Declaratory Judgment against the professional corporation as there is existing arbitration and litigation. The professional corporation's rights to choose forum under the NY No-fault Rules and Regulation cannot be abrogated by the Plaintiff instituting this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiffs factual/legal theory that referrals or prescriptions to Ridgewood Diagnostic Laboratory, LLC are ineffective as a result of Dr. Sangavarum's licensing issues is false as a matter of law and they are not entitled to a declaration that they are not obligated to pay the amounts owed to Ridgwood for these services, nor are they entitled to recoup any moneys paid on such claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovering any sums which were paid as a result of Judgments or Arbitration Awards.

## DEFENDANTS DEMAND A TRIAL BY JURY

Dated:  March 4, 2022
      Garden City, New York

The Defendants,

STELLA AMANZE, PA, EMILY BAKERMAN, NP, ANTHONY BENEVENGA, ANTONIO CICCONE, DO, MELISSA EVANS, NP, EUGENE GORMAN, MD, FRIDA ISAKOV, PA, MINI MATHEW, NP, METROPOLITAN INTERVENTIONAL MEDICAL SERVICES, P.C., BOGDAN NEGREA, MD, CHARLES G. NICOLA, DC. LUCKNIE OVINCY, PA, ANGELA PULLOCK, NP, RIDGEWOOD DIAGNOSTIC LABORATORY, L.L.C., LINDA SANTA MARIA, NP, RIVKA WEISS, N.P., ALEXANDR ZAITSEV, M.D., by their attorneys,

*/s/Matthew J. Conroy*
Matthew J. Conroy, Esq.
SCHWARTZ, CONROY & HACK, PC

666 Old Country Road, 9th Floor
Garden City, New York 11530
(516) 745-1122
(516) 745-0844 fax
mjc@schlawpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March 2022, Defendants served its Answer to Plaintiff's Amended Complaint upon all counsel of record via the Court's Electronic Filing System.

By: _/s/Alexis J. Acevedo_
Alexis J. Acevedo, Paralegal