UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────X

GOVERNMENT EMPLOYEES INSURANCE COMPANY,   20-cv-03495(FB)(SJB)
GEICO INDEMNITY COMPANY, GEICO GENERAL
INSURANCE COMPANY, and GEICO CASUALTY
COMPANY,
Plaintiffs,

-against-

ALEXANDR ZAITSEV, M.D., METROPOLITAN
INTERVENTIONAL MEDICAL SERVICES, P.C.,
ANTHONY BENEVENGA, CHARLES G. NICOLA, D.C.,
RIDGEWOOD DIAGNOSTIC LABORATORY, L.L.C., TRI-
STATE MULTI-SPECIALTY MEDICAL SERVICES, P.C.,
RIVERSIDE MEDICAL SERVICES, P.C., KRISTAPPA
SANGAVARAM, M.D., ALLAN WEISSMAN, M.D.,
EUGENE GORMAN, M.D., BOGDAN NEGREA, M.D.,
ANTONIO CICCONE, D.O., STELLA AMANZE, P.A.,
FRIDA ISAKOV, P.A., LUCKNIE OVINCY, P.A., EMILY
BAKERMAN, N.P., MELISSA EVANS, N.P., MINI
MATHEW, N.P., ANGELA PULLOCK, N.P., LINDA
SANTA MARIA, N.P., RIVKA WEISS, N.P., CROSSTOWN
MEDICAL, P.C., and WILLIAM FOCAZIO, M.D.,
──────────────────────────────────────────X

**ANSWER WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

Defendants, TRI-STATE MULTI-SPECIALTY MEDICAL SERVICES, P.C., RIVERSIDE MEDICAL SERVICES, P.C., KRISTAPPA SANGAVARAM, M.D.,, "Answering Defendants," by their attorney, The Mead Law Firm, P.C., as and for their answer to the Amended Complaint, **DEMANDS A TRIAL BY JURY** and alleges and states as follows:

1.  TRI-STATE MULTI-SPECIALTY MEDICAL SERVICES, P.C., RIVERSIDE MEDICAL SERVICES, P.C., submits a general denial to all the allegations set forth in the Amended Complaint denominated as paragraphs 1-595 and any exhibits referenced therein except those specifically admitted.

2. KRISTAPPA SANGAVARAM, M.D. submits a general denial to all the allegations set forth in the Amended Complaint denominated as paragraphs 1-595 any exhibits referenced therein, except those specifically admitted, and as to any paragraph or portion thereof whereby KRISTAPPA SANGAVARAM, M.D. has previously plead the Fifth Amendment to the United States Constitution in his deposition of December 17, 2021 to a specific inquiry, in that instance KRISTAPPA SANGAVARAM, M.D. reasserts the Fifth Amendment to the United States Constitution right to remain silent as to any such paragraph or portion of any such paragraph in which the same inquiry has been restated by the Plaintiffs.

Defendants, TRI-STATE MULTI-SPECIALTY MEDICAL SERVICES, P.C., RIVERSIDE MEDICAL SERVICES, P.C., plead the following affirmative defenses.

**AS AND FOR FIRST AFFIRMATIVE DEFENSE**
The Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR SECOND AFFIRMATIVE DEFENSE**
The Plaintiff's Amended Complaint is barred by the Statute of Limitation or otherwise untimely under New York No-fault Insurance Regulations.

**AS AND FOR THIRD AFFIRMATIVE DEFENSE**
The Plaintiff's Amended Complaint is barred by the doctrine of unclean hands.

**AS AND FOR FOURTH AFFIRMATIVE DEFENSE**
The Plaintiff's Amended Complaint is barred by the doctrine of equitable estoppel.

**AS AND FOR FIFTH AFFIRMATIVE DEFENSE**
The Plaintiff is barred by the doctrine of *res judicata*.

**AS AND FOR SIXTH AFFIRMATIVE DEFENSE**
The Plaintiff is barred by the doctrine of collateral estoppel.

**AS AND FOR SEVENTH AFFIRMATIVE DEFENSE**
The Plaintiff is barred by the doctrine of claim preclusion.

**AS AND FOR EIGHTH AFFIRMATIVE DEFENSE**
The Plaintiff is barred by the doctrine of issue preclusion.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE
The Plaintiff is barred from recovery since all damages were used by Plaintiff to procure serial annual increases in their business revenue to offset and further profit from all such alleged losses.

### AS AND FOR TENTH AFFIRMATIVE DEFENSE
The Plaintiff is barred from recovery as they have failed to satisfy a necessary jurisdictional prerequisite.

### AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE
The Plaintiff is barred from recovery by the doctrine of waiver.

### AS AND FOR TWELFTH AFFIRMATIVE DEFENSE
The Plaintiff is barred from recovery by the doctrine of offer and compromise.

### AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE
Plaintiff's claims are barred, in whole or in part, due to a failure to mitigate damages.

### AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE
Plaintiff has failed to plead its claims of fraud with the requisite particularity.

### AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE
Plaintiff's claims are barred as any damages suffered were recovered from third parties through subrogation.

### AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE
Plaintiff's claims are barred, in whole or in part, by prior actions pending.

### AS AND FOR SEVENTEENTH AFFIRMATIVE DEFENSE
The claims for which Plaintiff seeks declaratory judgment are subject to Defendant's right to arbitrate pursuant to the Federal Arbitration Act and New York law, which right Defendant hereby demands.

### AS AND FOR EIGHTEENTH AFFIRMATIVE DEFENSE
Plaintiff's claims of fraud are barred by a lack of reasonable and/or justifiable reliance.

### AS AND FOR NINETEENTH AFFIRMATIVE DEFENSE
Plaintiff's claims are barred, in whole or in part, by the doctrine of, and public policy favoring, finality of settlements.

### AS AND FOR TWENTIETH AFFIRMATIVE DEFENSE
Plaintiff's claims are barred by Plaintiffs unjust enrichment.

### AS AND FOR TWENTY-FIRST AFFIRMATIVE DEFENSE
The claims for which Plaintiff seeks declaratory judgment, to the extent such request for relief is based upon allegations of fraudulent incorporation, are barred by Plaintiff's failure to timely raise them.

### AS AND FOR TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any injury or incurred any damages as alleged in the Amended Complaint, which Defendant denies, any such injury or damage was caused, in whole or in part, by intervening or superseding events, factors, occurrences, conditions or acts, over which Defendant had no control, or through acts or omissions on the part of Plaintiff.

### AS AND FOR AS AND FOR TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek relief based upon allegations of fee-splitting, as such is not a proper basis for denial of payment of claims for reimbursement of services performed pursuant to New York No-Fault Law.

### AS AND FOR TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed and refused to avail itself of the New York State Courts to vacate or otherwise challenge settlements or judgments which arose from New York State Court proceedings, and are therefore precluded from seeking to do so herein.

### AS AND FOR TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's forum shopping.

### AS AND FOR TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's instant claims constitute an impermissible collateral attack on previously rendered New York State Court decisions and/or judgments, and are therefore barred.

### AS AND FOR TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's request for relief is based upon allegations of fraudulent incorporation, such allegations are inapplicable to individual health care practitioners billing under their own T.I.N. number.

Dated: March 9, 2022

_____/s/_____
By: Wesley Mead, Esq.
THE MEAD LAW FIRM, P.C.

## **CERTIFICATE OF SERVICE**

I, hereby certify that Defendants' Answer to Amended Complaint was served via ECF on March 9, 2022 upon the following.

Rivkin Radler, LLP
926 RXR Plaza
Uniondale, New York 11556

All parties of record

Dated: March 9, 2022

/s/
Wesley Mead, Esq.