LAW OFFICE OF
# STUART M. NACHBAR
*Advocating and Assisting Families
with Special Needs*

354 Eisenhower Parkway, Suite 2025
PO Box 2205 ▪ Livingston, NJ 07039
Tel: (973) 567-0954 ▪ Fax: (973) 629-1294
stuart@snanj.com

Licensed to Practice: New York, New Jersey and US Supreme Court

**Of Counsel:**
Bonnie M. Weir, Esq    (Licensed in New York and New Jersey)

May 10, 2022

**VIA ECF**
Hon. Sanket J. Bulsara
United State Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    Government Employees Insurance Company , et. al. v. Zaitsev, et. al
> Docket No. 20-cv-03495-FB-SJB**

Dear Judge Bulsara:

This office represents Allan Weissman, M.D.[1]  Pursuant to Local Rule 37.3 and Fed. R. Civ. P. 26 ( c), Dr. Weissman respectfully submits this letter in support of his request for a protective order precluding his deposition and production of documents sought through a subpoena issued by Defendant, Dr. Zaitsev.  A copy of the Subpoena is attached hereto as Exhibit "A".

By way of background, Dr. Weissman was an employee of Dr. Zaitsev's entities through which he provided pain management services.  Thereafter, Dr. Zaitsev formed new entities in April and August 2018 wherein he identified Dr. Weissman as the owner but in actuality Dr. Zaitsev continued to operate same.  At no time did Dr. Weissman pay anything to be identified as the owner of the entities.  Dr. Weissman advised Dr. Zaitsev that he did not want to proceed with the transaction to own the new entities.  As a result, Dr. Zaitsev on behalf of himself, as well as, all of his entities provided Dr. Weissman with an Indemnification, Hold Harmless Agreement and General Release, a copy of which is attached hereto as Exhibit "B".  Additionally, Dr. Zaitsev arranged for Dr. Sangavaram to take over the entities and Dr. Sangavaram executed and delivered to Dr. Weissman an Assignment and Assumption Agreement, a copy of which is attached hereto as Exhibit "C".

Dr. Weissman was served with a Complaint in this action in or around August, 2020.  Thereafter, Geico's counsel offered to release Dr. Weissman from the action if he provided an Affirmation as to the underlying facts of the case. After extensive discussions between counsel for Dr. Weissman

---

[1] Dr. Weissman has been a client of Bonnie M. Weir, Esq. since October 2014.  While Ms. Weir is admitted to practice in New York and the Northern District, she is not currently admitted in the Eastern District. Since there was insufficient time to obtain all necessary Certificates of Good Standing to apply for *pro hac vice* admission, appearance is made by this firm as Mr. Nachbar is admitted in the Eastern District.

and counsel for Geico, on December 20, 2020, Dr. Weissman, by and through his attorney, provided Geico's counsel with an executed Affirmation. Thereafter, Dr. Weissman was released as a party from this action.

Thereafter, on November 18, 2021 Dr. Zaitsev caused a Complaint to be filed in the Superior Court of New Jersey against Dr. Weissman wherein he alleged libel and slander, tortious interference with business, and false light. A copy of the Complaint is attached hereto as Exhibit "D". Dr. Weissman filed a Motion to Dismiss For Failure to State a Cause of Action. In response, Dr. Zaitsev filed a Cross Motion for Leave to Amend the Complaint. A copy of the proposed Amended Complaint is attached hereto as Exhibit "E". As evident from the proposed Amended Complaint, Dr. Zaitsev was relying upon the statements set forth in his Affirmation provided to Geico in this action as the basis for his allegations. After a hearing on the Motion to Dismiss and Cross Motion to Amend, Judge LaConte granted Dr. Weissman's motion to dismiss the Complaint and denied Dr. Zaitsev's cross motion for leave to file the Amended Complaint. Copies of the two (2) Orders are attached hereto as Exhibit "F". During the hearing conducted on April 14, 2022, Judge LaConte advised Dr. Zaitsev's counsel that he failed to cure the deficiencies in the Complaint which required specificity of the alleged causes of action. On April 21, 2022, a mere 7 days after the Complaint was dismissed, Dr. Zaitsev served Dr. Weissman with the Subpoena in this action wherein he seeks not only Dr. Weissman's deposition but also copies of all drafts of the Affirmation signed more than 16 months ago.

The drafts sought by Dr. Zaitsev are the product of settlement negotiations by and between Geico and Dr. Weissman. There is a "presumption against disclosure of settlement negotiations in those circumstances in which disclosure seems likely to chill parties' willingness to make the sort of disclosures in settlement discussions that are necessary to achieve agreement." United States v. Am. Soc. Of Composers, Authors & Publishers, 1996 WL 157523, at *2 (S.D.N.Y. 1996). As noted by the Second Circuit, "confidential settlement communications are a tradition in this country." Palmieri v. New York, 779 F.2d 861, 865 (2d Cir. 1985). It also bears noting that Fed. R. Evid. 408 prohibits the use of settlement negotiations as evidence in a matter. "[W]hile admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." Bottaro v. Hatton Assoc., 96 F.R.D. 158, 159 (E.D.N.Y. 1982). Additionally Fed. R. Civ. P. 26(3)( C) permits discovery of previous statements where a previous statement is defined as including "a written statement that the person signed or otherwise adopted or approved". Here, Dr. Zaitsev seeks all drafts of his final Affirmation which is not set forth in the discovery rules as being discoverable. As noted in Wright & Miller, Federal Practice & Procedure §2024 n.23, "[r]ecent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule." See also, Inst. For Dev. Of Earth Awareness v. People for Ethical Treatment of Animals, 272 F.R.D. 124, 125 (S.D.N.Y. 2011).

The timing of the Subpoena for this information cannot be ignored. Indeed, the Subpoena was issued 7 days after entry of the Orders dismissing Dr. Zaitsev's Complaint and denying his motion to file an Amended Complaint. Having lost his State Court action for relief, Dr. Zaitsev now seeks to annoy, harass and place undue burdens on Dr. Weissman, in an effort to obtain information so he can file another Complaint against Dr. Weissman. Such fishing expeditions have never been approved by Courts.

Based upon the foregoing, Dr. Weissman respectfully requests that the Court enter a protective order precluding discovery of the drafts of his Affirmation served on December 9, 2020 as well as his deposition as same can only, at this juncture and long after Dr. Zaitsev has had the Affirmation, be in response to the dismissal of his State Court action.   As such, Dr. Zaitsev is engaging impermissible fishing.

Dr. Weissman thanks the Court for its time and attention to this matter.

Respectfully submitted,

LAW OFFICE OF STUART M. NACHBAR

By: /s/ Stuart M. Nachbar
        Stuart M. Nachbar

By: /s/ Bonnie M. Weir
        Bonnie M. Weir

Cc: All counsel of record (via ECF)
        Client (via email)