

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**STEVEN T. HENESY**
Partner
(516) 357-3308
Steven.henesy@rivkin.com

May 10, 2022

**By ECF**
Honorable Sanket J. Bulsara
United States Magistrate-Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Government Employees Insurance Company, et al. v. Zaitsev, M.D. et al.
>      Docket No. 20-cv-03495-FB-SJB

Dear Judge Bulsara:

On behalf of Plaintiffs, we write to join in part in the application by non-party Allan Weissman, M.D. ("Weissman") for a protective order against a subpoena issued by the Defendants in this action (the "Subject Subpoena"). *See* ECF No. 155. In particular, Plaintiffs write to join in Weissman's application to the extent it asserts that the documents sought to be discovered from Weissman by the Defendants are protected settlement communications and ought to be shielded from discovery.

Weissman was originally named as a Defendant in this action. In December 2020, Plaintiffs reached a settlement with Weissman whereby, among other things, Weissman executed an affidavit detailing his experiences with his co-Defendants in this action – and, in particular, inculpating Defendant Alexandr Zaitsev, M.D. ("Zaitsev") in a scheme to defraud Plaintiffs. Weissman's affidavit was filed on the public docket in this action on February 10, 2021 (ECF No. 90-3) – more than one year before the Defendants issued the Subject Subpoena, on April 20, 2022. Why, then, did the Defendants wait more than one year to finally get around to issuing the Subject Subpoena? As noted in Weissman's letter, the timing makes the answer reasonably clear: the Subject Subpoena was issued just six days after a New Jersey state court dismissed Zaitsev's libel suit against Weissman – a suit that purported to arise solely out of Weissman's execution of the affidavit in this action.

The timing of the Subject Subpoena is equally as instructive when considered in the context of the discovery deadlines set by the Court in this action. On April 11, 2022, Plaintiffs sought an extension of the fact discovery deadline – set to expire just one week later – because of the birth of the undersigned's daughter. *See* ECF No. 154. At that point, however, the Defendants never mentioned their intention to depose or seek discovery from Weissman – apparently because their soon-to-be dismissed libel action against Weissman was still pending. At bottom, it was only after Plaintiffs sought this last extension of the fact discovery deadline – and only after the dismissal of Zaitsev's libel case against Weissman on

April 14, 2022 – that the Defendants suddenly felt compelled to seek discovery and a deposition from Weissman.

Against that backdrop, Plaintiffs write separately to join in Weissman's request for a protective order to the extent that the Subject Subpoena seeks unsigned drafts of the affidavit that Weissman ultimately signed. Aside from obvious attorney-client privilege issues, Plaintiffs respectfully submit that these materials constitute protected settlement communications. And the Defendants cannot colorably contend that their request for documents is proportional to the needs of this case – they are already in possession of Weissman's signed affidavit, and it is altogether unclear what need the Defendants would have for versions of an affidavit authored by <u>counsel</u> which were <u>never adopted or signed by Weissman</u>. *See*, *e.g.*, *S.E.C. v. Gupta*, No. 11 CIV. 7566 JSR, 2012 WL 1592525, at *1 (S.D.N.Y. May 1, 2012) (denying motion to compel underlying settlement negotiation documents where party resisting disclosure had already agreed to produce final agreement).

Plaintiffs write to object on policy grounds as well. Permitting the disclosure of unsigned drafts of affidavits prepared by counsel could frustrate future settlement efforts, both within and outside of this case. In particular, disclosure could have a chilling effect on the cooperation and dismissal of defendants similarly situated to Weissman. Indeed, this type of cooperation and settlement is an important tool both for plaintiff-insurers and a common-sense way for employee-level defendants to seek dismissal from analogous insurance fraud actions.

Therefore, Plaintiffs respectfully submit that the Court should not permit the Defendants to seek disclosure of unsigned and unadopted draft affidavits prepared by counsel through the issuance of their eleventh-hour subpoena, and respectfully join in Weissman's motion to that extent. We appreciate the Court's time and continued attention to this matter.

    Respectfully submitted,

    RIVKIN RADLER LLP

    /s/ *Steven T. Henesy*
    Steven T. Henesy

cc:    All counsel of record *via* ECF
       Stuart Nachbar, Esq.
       Bonnie Weir, Esq.