**SCHWARTZ, CONROY & HACK, PC**

*Making Insurance Companies Keep Their Promises*

Matthew J. Conroy, Partner / mjc@schlawpc.com

May 13, 2022

**By ECF**
**Honorable Sanket J. Bulsara**
**United States Magistrate-Judge**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, New York 11201**

<u>Re: *GEICO v. Zaitsev, M.D. et al.*, Docket No. 20-cv-03495-FB-SJB</u>

Dear Judge Bulsara,

Our firm represents a number of defendants in the above-caption matter, including including: Alexandr Zaitsev, MD, Ridgewood Diagnostic Laboratory, LLC, Metropolitan Interventional Medical Services, PC, Drs. Negrea, Gorman, Ciccone and all of the Defendant NPs and Pas. We write to oppose nonparty Allan Weissman's letter motion dated May 10, 2022 for a protective order as to his subpoenaed testimony and documents demanded in the subpoena and GEICO's partial joining as to the documents (but not deposition). Weissman's deposition and the documents sought are clearly relevant and the subpoena of him proper.

**The Motion Should be Denied for Failing to Meet and Confer**
Weissman was personally served the subpoena on April 21, 2022. Rivkin Radler was served a notice of the Weissman subpoena on April 19, 2022. Neither objected until May 10, 2020, less than 24 hours before the deposition was to begin. Neither sought a telephone conference to "meet and confer" or requested the subpoena be withdrawn or modified. FRCP 26(c) states such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. "No such certification was included in either motion, because neither Weissman nor GEICO made any such attempt to confer in good faith. On that ground alone, the motion can be denied.

**The Deposition and Documents are Relevant and Discoverable**
There is absolutely no basis for a protective order preventing Weissman's deposition. The subpoena sought testimony as to "the allegations in the Complaint, the issues testified to by Dr. Allan Weissman, M.D., at his February 21, 2019, Examination Under Oath, and the issues addressed in Dr. Weissman M.D.'s December 9, 2020 affirmation and all related matters." (Exhibit "A"). Those are all relevant to Defendants' defense of the case.

Weissman was a party to the lawsuit until he provided an affirmation to GEICO and was subsequently dismissed from the lawsuit. (Exhibit "B"). The original and Amended Complaint alleged Weissman is a physician licensed to practice medicine in New York and New Jersey,

purported to own and control Riverside and Tri-State, and purported to perform many of the Fraudulent Services. Docket No. 1, ¶3 (vi) and "Weissman falsely purported to be the sole owner of Riverside and Tri-State. Weissman also purported to perform many of the Fraudulent Services billed through Metropolitan, Riverside, and Tri-State to GEICO and other insurers in New York and New Jersey." Docket No. 41, ¶41. GEICO alleges Weissman participated in a fraudulent scheme with Zaitsev and made claims of, *inter alia* fraud and RICO. See Docket 41, ¶¶3 and 40.

Indeed, GEICO admits in its Amended Complaint Weissman is relevant to this lawsuit (and does not oppose the taking of his deposition). It specially alleges "[a]lthough they are not named as Defendants in this Amended Complaint, Crosstown and Allan Weissman, M.D. ("Weissman") are relevant to understanding the claims asserted by Plaintiffs in this action." ¶37 Further the Amended Complaint alleges "Zaitsev, Weissman, Sangavaram, and Tri-State routinely and unlawfully operated Tri-State as a medical practice in New York" ¶146. Weissman is mentioned 363 times in the Amended Complaint, always in allegations alleging he acted with Zaitsev to falsely claim he was an owner of various entity defendants and/or that he participated in alleged fraudulent billing.

Moreover, as counsel for Weissman admits, GEICO dismissed Weissman from the case in exchange for an affirmation as to the underlying facts of the case, or his version of them. The affirmation is dated December 9, 2020. In it, Weissman made references to various alleged facts that would put him at odds with Defendants' position in this case. Weissman's affirmation has also been used by GEICO to compel discovery in this case on multiple occasions (see Docket entries 82, 90, 106 and 108) and clearly anticipates him being a witness for them in this case. In addition to the allegations in the Amended Complaint, Defendants are entitled to his testimony as to the allegations and merits of the affirmation, and to assess his credibility and accuracy by determining whether the language in the affirmation came from GEICO. FRCP 30 (a)(1) states: A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Further, as to discovery Rule 26 (b) states: Discovery Scope and Limits states: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…. Information within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 45permits a party to obtain a deposition and documents from a non-party that is in its "possession, custody, or control."

Clearly Weissman's deposition on the issues sought are relevant to the case, See Rule 26 and Rule 30; *Pegoraro v. Marrero*, 2012 WL 596439 (S.D.N.Y. 2012). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." It can hardly be said to be an annoyance, harassment, or an undue burden to sit for one virtual deposition, as Weissman alleges. "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Lindsey v. Butler*, 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017). Weissman's motion cites no cases at all as to why the deposition would be improper or he would be entitled to a protective order. The only factual basis given is the made-up fantasy that the deposition was sought only because a state court matter brought by Zaitsev against Weissman was dismissed. The timing is completely coincidental as this office does not

represent Dr. Zaitsev in that state court proceeding and was not even aware of its dismissal. Moreover, the subpoena does not seek testimony as to that proceeding but as to this Federal proceeding and the affirmation given in it. Regardless, in this case, Defendants, other than and including Zaitsev, are entitled to Weissman's deposition. See Rule 30.

**The Draft Affirmations Must Be Produced**

The subpoena also seeks Weissman to produce All drafts of affidavits or affirmations of Dr. Weissman M.D.'s December 9, 2020 affirmation. The documents are relevant for the reasons set forth above. In *Bottaro v. Hatton Associates,* 96 F.R.D. 158 (E.D.N.Y.1982) the District Court held that discovery of settlement negotiations requires a "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement." *Id.* at 160. In *Morse/Diesel, Inc. v. Fidelity and Deposit Co.,* 122 F.R.D. 447, 450 n. 4 (S.D.N.Y.1988) interpreted *Bottaro* as holding merely that a party seeking production of settlement related documents bears the burden of establishing relevance. Relevance has been established. No settlement agreements or draft settlement agreements have been requested, simply draft affirmations. The basis for the request of the draft affirmation is to see if Rivkn Radler insisted on changes different than original drafts exchanged with them; was the one who drafted the affirmations; and whether original versions contained radically different alleged facts than the final version, which goes to credibility. While of course Defendants are not entitled to documents protected by attorney client privilege, any comments or documents exchanged with Rivkin Radler would break that privilege. Nothing coming from or to Rivkin Radler is privileged at all as they do not represent Weissman. The case law and authority cited by counsel is distinguishable. *Inst. For Dev. Of Eart Awareness v. PETA*, 272 F.R.D. 124 (SDNY 2011) involved drafts prepared by the affirmant's attorney only viewed by the client. That is not the same situation here. Indeed, the case cited by Weissman, *United States v. Am. Soc. Of Composers, Authors & Publishers*, 1996 WL 157523 at *2 (SDNY 1996) stated that disclosure of settlement negotiations is a "modest presumption" *2, and "[s]uch a presumption is of course rebuttable based on an adequate showing of need and of available methods for minimizing the potential for harm that might flow from disclosure." *Id*. Where a settlement has been finalized, it "is distinctly less likely to cause unsettling effects of sufficient seriousness to counsel against production. "*3. *Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1995), also cited by Weissman, involved previously entered sealing orders protecting the documents from view and is also not relevant to the case at bar.

Therefore, the motion should be denied and the subpoena enforced.

> Very truly yours,
> SCHWARTZ, CONROY & HACK, P.C.
>
> *Matthew J. Conroy*
> By: Matthew J. Conroy, Esq.

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.844-517-0260 | Fax: 516.745.0844