

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**STEVEN T. HENESY**
Partner
(516) 357-3308
Steven.henesy@rivkin.com

June 13, 2022

**By ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Government Employees Insurance Company, et al. v. Zaitsev, M.D. et al.
            Docket No. 20-cv-03495-FB-SJB

Dear Judge Bulsara:

We represent Plaintiffs (collectively "GEICO" or "Plaintiffs") in the above-referenced matter. Together with counsel for all remaining Defendants, we jointly and respectfully write to request that the expert discovery deadline be modified and extended.

In particular, the deadline to complete all discovery, including expert discovery, is currently set for July 15, 2022. The parties write to respectfully request that this deadline be modified and extended as follows:

- Deadline to serve affirmative expert reports: September 1, 2022;
- Deadline to serve rebuttal expert reports: October 1, 2022; and
- Deadline to complete all discovery, including expert depositions: October 31, 2022.

This request is made jointly and for good cause. First, there are several fact discovery issues pending before the Court that may result in additional document discovery and at least one deposition. Specifically, nonparty (and former Defendant) Allan Weissman, M.D. has moved for a protective order in connection with a subpoena issued to him by Defendants seeking both documents and his deposition. See ECF No. 155. Plaintiffs joined that motion in part, to the extent it sought protection from production of certain documents. See ECF No. 156. The Defendants opposed the motion, which remains pending before the Court. In addition, on May 18, 2022, the Defendants filed a motion to extend the fact discovery deadline to allow them to proceed with the deposition of GEICO's corporate representative, as well as to resolve the other then-pending fact discovery issues. See ECF No. 162. Plaintiffs opposed that application in part, but conceded that the existence of pending fact discovery issues – including Dr. Weissman's potential deposition (to which Plaintiffs did not object) – likely would necessitate an extension of fact discovery. See ECF No. 163.

The resolution of these pending fact discovery issues is likely to impact expert discovery as well. Dr. Weissman's testimony almost certainly will touch upon issues surrounding, among other things: (i)

the necessity of the billed-for services; (ii) the efficacy of prescriptions for drug screens sent from the medical practices owned on paper by Dr. Weissman; and (iii) the financial and operational relationships and interplay between the Defendants. Plaintiffs anticipate that all of the issues will be the subject of expert witnesses on their behalf – and extension of the time to complete expert reports will allow the discovery related to Dr. Weissman to run its course and, where applicable, be incorporated into expert reports.

Finally, the parties' joint request to modify the remaining discovery deadline – in particular, for entry of separate deadlines for affirmative reports, rebuttal reports, and expert depositions – is for good cause as well. Given the issues raised in Plaintiffs' complaint, coupled with the complexity of the documents obtained during fact discovery, we respectfully submit that the entry of discrete deadlines for each phase of expert discovery will allow the parties to fully assess not only their own evidence and expert opinions, but those of their adversary – and will permit the parties sufficient time to take depositions of the respective experts.

We appreciate the Court's time and continued attention to this matter.

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP

                                      /s/ *Steven T. Henesy*
                                      Steven T. Henesy

cc:      All counsel via ECF