**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

Matthew J. Conroy, Partner / MJC@schlawpc.com

August 4, 2023

***Via* ECF**
Honorable Frederic Block
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Government Employees Insurance Company, et al. v. Zaitsev, et al.
Docket No.: 1:20-cv-003495 (FB)(SJB)**

Dear Judge Block:

    We write on behalf of all of the remaining Defendants and specifically, but not limited to, Alexandr Zaitsev, M.D. ("Zaitsev"), Anthony Benevenga, Charles Nicola, D.C., and Ridgewood Diagnostic Laboratories, L.L.C. ("Ridgewood") (collectively, "Defendants") to respectfully request a pre-motion conference or, in the alternative, a briefing schedule for Defendant's motion for summary judgment seeking dismissal of numerous causes of action of Plaintiff's Amended Complaint.

    The Defendants in this matter are Healthcare Providers that regularly treat car accident victims insured by GEICO's New York no-fault automobile insurance policies. Under these no-fault policies, also known as personal injury protection ("PIP") policies, GEICO agrees to automatically reimburse certain medical costs associated with accidents— that is, without regard to the policyholder's fault in the accident. The Healthcare Providers, who are assigned these claims by their patients, submit their bills directly to GEICO.

    GEICO alleges that Defendants engaged in a no-fault insurance fraud scheme such that under *State Farm Mut. Auto. Ins. Co. v. Mallela*, 372 F.3d 500, 502 (2d Cir. 2004), Defendants were not entitled to reimbursement for urine drug testing rendered and in fact, must pay back money already voluntarily paid or awarded in arbitrations or litigation. The basis for GEICO's claims is the false allegation that Dr. Zaitsev allegedly secretly owned and controlled two medical practices, Tri-State Multi-Specialty Medical Services, P.C. ("TriState") and Riverside Medical Services, P.C. ("Riverside"), and used those practices to facilitate the urine drug testing referrals to his clinical laboratory, Ridgewood.

    In other words, the allegations, generally, are that the referrals from companies Dr. Zaitsev secretly controlled (despite the fact that as a doctor, not a layperson, he was allowed by license to own) to a laboratory that Dr. Zaitsev owned constitute self-referrals. GEICO further alleges violations of N.Y. Education Law §§ 6509-a; 6531 and N.J.A.C. 13:35-6.17, which prohibit the paying or accepting of money for referrals .

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

August 4. 2023
Page 2

*State Farm v. Mallela*, *supra*, gave no-fault insurance carriers the ability to look beyond facially valid corporate documents to deny no-fault claims where the professional corporations providing services were in fact owned and controlled by laypersons. The basis for the Court of Appeals holding in *Mallela* was that lay ownership of a professional corporation violated Section 1507 of the NY Business Corporation Law which in turn rendered the PC ineligible for reimbursement under the no-fault regulations as those laypersons never could have owned the professional corporations or collected on any treatment, which was done pursuant to an improper protocol regardless of medical necessity.

GEICO's attempt to extend *Mallela's* holding to this situation where a doctor owned the laboratory, Ridgewood, and, they alleged, controlled the medical facilities is unprecedented, misplaced, and beyond the scope of what the Court intended by *Mallela.* In this case, there is no doubt that the Professional Corporations were created by and facially owned by a properly licensed medical provider and, thus, the issue in *Mallela* does not exist here. In fact, by extending it to a financial interest on both sides and payments for patient referrals, even if the treatment was performed by a medical provider pursuant to a case-by-case judgment and medical necessity, GEICO is simply attempting to get out of paying money for treatment its insureds properly received and escape the dictates of the New York and New Jersey No-Fault statutory scheme. The Professional Corporations had a right to exist under either New York or New Jersey Law, and the medical providers had a right to treat and had a right to be paid and to order drug testing. The laboratory also had the right to be paid for testing that there is no doubt it did.

To establish a civil RICO violation under 18 U.S.C. § 1962(c), GEICO must prove that it was "injured by Defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999). As to the enterprise requirement, GEICO must "prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001). Members of the enterprise must, among other things, share a common purpose. *See Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009). In this matter, GEICO alleges a violation of the mail fraud statute. To prove a violation of the mail fraud statute, GEICO must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme. *See Schmuck v. United States,* 489 U.S. 705, 712, 109 S.Ct. 1443, 1448, 103 L.Ed.2d 734 (1989); *Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). GEICO cannot establish any facts to constitute a scheme to defraud. There is not one GEICO patient for which it can be said the mailing of the bill constitutes the predicate act of mail fraud. Moreover, there can be no fraud without reliance and GEICO alleges and admits that, as alleged, many of the drug referral forms were blank as to the ordering physician, and yet GEICO knowing this paid out anyway.

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

August 4. 2023
Page 3

In order to state a claim for fraud under New York law, a Plaintiff is required to allege the following five elements: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 234 (2d Cir.2006). Similarly, to RICO, there is no basis for GEICO to make a common law fraud claim as there is no evidence of any material misrepresentation, an intent to defraud or reliance by GEICO.

In order to state a claim for unjust enrichment, "plaintiff must establish 1) that the defendant benefitted; 2) at plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir.2000) (*citing Dolmetta v. Uintah Nat'l Corp.,* 712 F.2d 15, 20 (2d Cir.1983)). Again, there is no evidence that the Defendants benefitted at GEICO's expense. Rather, they provided a medical service and ordered drug testing of GEICO insureds and were compensated, or should be compensated, for same under the New York and New Jersey No-Fault law. Any monies received for work or testing actually done cannot constitute unjust enrichment.

As such, Defendants seek to move for summary judgment dismissing all claims based upon such an improper extension of *Mallela* or alleging fraud. These include the first cause of action for a Declaratory judgment, the RICO causes of action (second, third, seven, eight, twelve, thirteen, seventeen, eighteen, twenty-third, twenty-fourth), the common law fraud or aiding and abetting fraud allegations (fourth, nine, fourteen, nineteenth, twentieth, twenty-fifth), the unjust enrichment causes of action (fifth, ten, fifteen, twenty-first, twenty-sixth), the NJ Fraud Statute (sixth, eleventh, sixteen, twenty-second, twenty-seventh)

We appreciate the Court's time and attention to this matter. If the Court wishes to simply set a briefing schedule in lieu of a conference, that is fine with Defendants.

Very truly yours,

SCHWARTZ, CONROY & HACK, PC

By: /s/ *Matthew J. Conroy*
Matthew J. Conroy

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755 | Fax: 516.745.0844